LOCKE LORD LLP
Susan J. Welde (SBN: 205401)
swelde@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: (213) 485-1500
Facsimile: (213) 485-1200

LOCKE LORD LLP
Martin Jaszczuk (*Pro Hac Vice*)
mjaszczuk@lockelord.com
Nick J. Di Giovanni (*Pro Hac Vice*)
ndigiovanni@lockelord.com
111 S. Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-0700
Facsimile: (312) 443-0336

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO**

| | |
|---|---|
| KERRY REARDON, JAMES LATHROP, JULIE MCKINNEY, SANDEEP PAL, JENNIFER REILLY, JUSTIN BARTOLET and JONATHAN GRINDELL on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | CASE NO. 14-cv-05678-JST<br><br>**NOTICE OF MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: April 16, 2015<br>Time: 2:00 p.m.<br>Courtroom: 9 - 19th Floor<br><br>Judge Jon S. Tigar |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 16, 2015, at 2:00 p.m., or as soon thereafter as the matter may be heard in the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom 9, 19th Floor, Honorable Jon S. Tigar, presiding, Defendant Uber Technologies, Inc. ("Uber") will and does bring this Motion To Dismiss ("Motion") in relation to the claims brought by Plaintiffs Kerry Reardon, James Lathrop, Jennifer Reilly, Justin Bartolet, and Jonathan Grindell (collectively, "Plaintiffs") in the First Amended Complaint filed in this action.

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6), which allows dismissal for "failure to state a claim upon which relief can be granted" and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and its regulations 47 C.F.R. § 64.1200, et seq. This Motion is based on the incorporated Memorandum of Points and Authorities, as well as the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.

Dated: February 27, 2015

Respectfully submitted,

LOCKE LORD LLP

By: /s/ Susan J. Welde
    Martin Jaszczuk
    Nick J. Di Giovanni
    Susan J. Welde

*Attorneys for Defendant UBER TECHNOLOGIES, INC.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Five of the seven plaintiffs in this case admit on the face of the First Amended Complaint ("Amended Complaint") that they do not have claims against Uber Technologies, Inc. ("Uber"). Specifically, Plaintiffs Kerry Reardon, James Lathrop, Jennifer Reilly, Justin Bartolet, and Jonathan Grindell (collectively, "Plaintiffs") all allege that they "provided Uber with [their] cell phone number" while "applying to be an Uber driver." *See* Amended Complaint, ¶¶ 38, 70. *See also* ¶¶ 36, 39, 54, 99, 113.[1] Under the Telephone Consumer Protection Act, 47 U.S.C. § 227 e*t seq.* ("TCPA"), by providing Uber with their cell phone numbers in relation to "becoming a driver for Uber" (Amended Complaint, ¶ 53), these Plaintiffs provided Uber with "prior express consent" to contact them at those numbers. And, prior express consent is a complete defense to Plaintiffs' TCPA claims. *See, e.g., Van Patten v. Vertical Fitness Group, LLC*, 22 F. Supp. 3d 1069, 1073-1078 (S.D. Cal. 2014); *Roberts v. PayPal, Inc.*, No. C 12-0622 PJH, 2013 WL 2384242, at *1-4 (N.D. Cal. May 30, 2013); *Emanuel v. Los Angeles Lakers, Inc.*, No. CV 12-9936-GW(SHx), 2013 WL 1719035, at *3-4 (C.D. Cal. April 18, 2013). Accordingly, the claims by these five Plaintiffs should be dismissed. Moreover, because these Plaintiffs cannot amend their Complaint to

---

[1] To the extent any of the Plaintiffs argue that they provided "personal information" to Uber as opposed to specifically stating that they provided their cell phone numbers, ¶ 125 of the Amended Complaint makes it clear that each of these five Plaintiffs claim to be members of a class of individuals who "received a non-emergency text message on their cellular telephone from Uber …*after providing Uber with the telephone number at which they received the text message from Uber*…." (emphasis added). Thus, it is indisputable that all five Plaintiffs admit that they provided their cell phone numbers to Uber.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

truthfully allege that they did not provide their cell phone numbers to Uber, their claims should be dismissed with prejudice.[2]

## II. ARGUMENT

### A. MOTION TO DISMISS STANDARD.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556.

The assertion of an affirmative defense may properly be considered on a motion to dismiss where the "allegations in the complaint suffice to establish" the defense. *Sams v. Yahoo! Inc.*, 713 F.3d 1175, (9th Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Goddard v. Google Inc.*, 640 F. Supp. 2d 1193, 1199 n. 5 (N.D. Cal. 2009) (noting that "affirmative defenses routinely serve as a basis for granting Rule 12(b)(6) motions where the defense is apparent from the face of the [c]omplaint"). In the TCPA context, where a plaintiff makes clear on the face of his complaint that he provided his telephone number to the defendants, a court should dismiss the complaint. *See Murphy v. DCI Biologicals Orlando, LLC*, No. 6:12-cv-1459-Orl-

---

[2] To the extent Plaintiffs Reilly, Bartolet and Grindell seek to allege that, by way of the text messages they sent to Uber, they withdrew the consent they had initially provided, these Plaintiffs should properly make this allegation. However, even if such an allegation were properly supported and pled, and even if it were assumed that consent could be withdrawn in the manner these Plaintiffs may seek to allege, such allegation would still not save these Plaintiffs' current claims for messages received *before* they withdrew their consent.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

36KRS, 2013 WL 6865772, *5-8 (M.D. Fla. Dec. 31, 2013) (granting motion to dismiss where plaintiff admitted in complaint that he provided his cell phone number to defendants); *Emanuel v. Los Angeles Lakers, Inc.*, No. CV 12-9936-GW(SHx), 2013 WL 1719035, at *3-4 (C.D. Cal. April 18, 2013); *Pinkard v. Wal-Mart Stores, Inc.*, No. 3:12-cv-02902-CLS, 2012 WL 5511039, at *2-6 (N.D. Ala. Nov. 9, 2012) (same).

### B. PRIOR EXPRESS CONSENT IS A COMPLETE DEFENSE TO PLAINTIFFS' CLAIMS.

The claims of Plaintiffs Reardon, Lathrop, Grindell, Reilly, and Bartolet must be dismissed because it is apparent from the face of the Amended Complaint that Uber had "prior express consent" to contact these Plaintiffs on their cell phones. The TCPA's implementing regulations provide:

(a) No person or entity may:

(1) Except as provided in paragraph (a)(2) of this section, initiate any telephone call[3] (other than a call made for emergency purposes or is (sic) made with the *prior express consent* of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice…

…

(iii) To any telephone number assigned to a…cellular telephone service….

---

[3] Text messages are "calls" under the TCPA. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009). *See also In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Rcd. 14014, 14115 (July 3, 2003).

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

> (2) Initiate, or cause to be initiated, any telephone call that includes or introduces an *advertisement* or constitutes *telemarketing*, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the *prior express written consent* of the called party…

47 C.F.R. § 64.1200(a)(1) and (2)(emphasis added). "Advertisement" is defined in the regulations as "any material advertising the commercial availability or quality of any property, goods, or services" and "telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(1) and (12). Therefore, if a text message does not introduce an "advertisement" and does not constitute "telemarketing," the company sending the message need only obtain "prior express consent" (section (a)(1)) to send the message, rather than the stricter "prior express *written* consent" (section (a)(2)) applicable to advertisements and telemarketing.

Courts that have analyzed TCPA cases involving independent contractor relationships, job opportunities and "recruiting" (Amended Complaint, ¶ 10) have found that such messages are *not* advertisements under the TCPA. In *Lutz Appellate Services, Inc. v. Curry,* 859 F. Supp. 180, 181-182 (E.D. Pa. 1994), the court held that a company's announcement by fax of available job opportunities did not fall within the ordinary meaning of the words used in the definition of "unsolicited advertising."[4] Similarly, in *Friedman v. Torchmark Corp.*, No. 12-CV-2837-IEG (BGS), 2013 WL

---

[4] *Lutz* was decided under the prior version of the TCPA regulations, but "unsolicited advertisement" was defined in the prior version in a nearly identical manner to the current definition of "advertisement." *See Lutz,* 859 F. Supp. at 181.

4

1629084, *4 (S.D. Cal. April 16, 2013), the court considered whether pre-recorded messages to a residential phone line inviting the plaintiff to attend a recruiting webinar wherein the plaintiff could learn about the defendant's products and services in order to sell those products and services were "unsolicited advertisements" or "telephone solicitations."[5]  The court found that messages inviting the plaintiff to attend a "recruiting webinar" were "similar to the offer of employment in *Lutz*" and that the messages were "not aimed at encouraging [p]laintiff to engage in future commercial transactions with [d]efendant to purchase its goods*.*" *See Id.* at *4-5.  Therefore, the court held that the plaintiff failed to allege that the messages were "unsolicited advertisements" or "telephone solicitations" and dismissed the plaintiff's complaint. *See Id.* ("Defendant's message inform[ing] [p]laintiff about a recruiting webinar that could have resulted in an opportunity to sell [D]efendant's goods . . .is akin to an offer of employment.").  Furthermore, the holding of *Lutz* – that messages about job opportunities are not advertising -- applies squarely to messages about entering into independent contractor relationships.  *See Friedman v. Torchmark Corp.*, 2013 WL 4102201, *5-7 (S.D. Cal. Aug. 13, 2013) (dismissing plaintiff's amended complaint and finding that the fact that the defendant's offer was for an independent contractor relationship or that the defendant might ultimately make money from the offer did not change the analysis).  Finally, in *Murphy v. DCI Biologicals Orlando, LLC*, 2013 WL 6865772 at *10, the court considered whether a text message asking someone to donate blood to a plasma center for money was a "telephone solicitation."[6]  The court

---

[5] "Unsolicited advertisement" and "telephone solicitations" were defined similarly to "advertisement" and "telemarketing" under the current regulations.  *See Friedman*, 2013 WL 1629084 at *3.

[6] Again, "telephone solicitation" was defined similarly to "telemarketing" under the current regulations.

noted that neither of the messages asking the plaintiff to be a paid blood donor encouraged the plaintiff to purchase, rent, or invest in anything and instead asked the plaintiff to sell his blood to the defendant's blood bank. *See Id.*  Thus, the text messages were not "telephone solicitations." *See Id.*

Here, Plaintiffs' own allegations establish that their claims fall squarely under the line of cases holding that prospective employment, independent contractor, or recruiting messages do not constitute telemarketing.  The Amended Complaint states that the text messages at issue were a part of Uber's "recruiting tactics." *See* Amended Complaint, ¶ 10.  The Amended Complaint further alleges that these texts were sent after Plaintiffs reached out to Uber "about working for Uber as a driver."[7] *See* Amended Complaint, ¶¶ 25, 85.  Any messages Plaintiffs were sent related to the economic opportunity of "becoming a driver for Uber" (Amended Complaint, ¶¶ 36, 53, 70, 99, 113) and were therefore not "advertisements" or "telemarketing" because they related to potential independent contractor driver relationships and were not asking Plaintiffs to purchase, rent, or invest in anything.  Moreover, as is clear from their allegations, Uber did not send messages to these Plaintiffs out of the blue – all five of these Plaintiffs contacted Uber first about "becom[ing] an Uber driver" and began or completed the "application process" to do so.  *See* Amended Complaint, ¶¶ 36, 53, 70, 99, and 113.  In short, Uber did not come to these Plaintiffs – these Plaintiffs came to Uber.  This was neither advertising nor telemarketing.

---

[7] Drivers do not "work for Uber"; the contract between Uber and the drivers establishes that the drivers' relationship to Uber is that of non-employee independent contractors.  Regardless, neither calls related to prospective employment nor calls related to prospective independent contractor relationships are telemarketing. *See Friedman*, 2013 WL 4102201 at *5-7.

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Accordingly, Uber did not need "prior express *written* consent" to send text messages to these five Plaintiffs, it only needed "prior express consent." Indeed, Plaintiffs concede as much – acknowledging on multiple occasions that "prior express consent" is the proper standard for determining whether Uber has a defense to their claims. *See* Amended Complaint, ¶¶ 33, 50, 67, 81, 96, 110, 121, 124, 125, and 136. As discussed below, these Plaintiffs admit that they provided prior express consent to Uber to contact them on their cellular telephones. Therefore, it is apparent from the face of the Amended Complaint that they do not have claims against Uber and their Amended Complaint should be dismissed.

### C. PLAINTIFFS' ADMISSION THAT THEY EACH VOLUNTARILY PROVIDED THEIR CELL PHONE NUMBER TO UBER CONSTITUTES AN ADMISSION OF "PRIOR EXPRESS CONSENT" UNDER THE TCPA.

An overwhelming majority of courts have held that when an individual provides his cell phone number to a company, he thereby provides prior express consent to receive calls and text messages at that number. *See Van Patten v. Vertical Fitness Group, LLC*, 22 F. Supp. 3d 1069, 1073-1078 (S.D. Cal. 2014); *Lamont v. Furniture North, LLC*, No. 14-cv-036-LM, 2014 WL 1453750, *1-3 (D. N.H. April 15, 2014); *Baird v. Sabre Inc.*, 995 F.Supp.2d 1100, 1106-1107 (C.D. Cal. 2014); *Steinhoff v. Star Media Co., LLC*, No. 13–cv–1750, 2014 WL 1207804, *2-4 (D. Minn. Mar. 24, 2014); *Murphy*, 2013 WL 6865772 at *5-8; *Roberts v. PayPal, Inc.*, No. C 12-0622 PJH, 2013 WL 2384242, at *1-4 (N.D. Cal. May 30, 2013); *Emanuel v. Los Angeles Lakers, Inc.*, No. CV 12-9936-GW(SHx), 2013 WL 1719035, at *3-4 (C.D. Cal. April 18, 2013); *Pinkard*, 2012 WL 5511039 at *2-6; *Ryabyshchuck v. Citibank (South Dakota) N.A.*, No. 11-CV-1236-IEG (WVG), 2012 WL 5379143, at *2 (S.D. Cal. Oct. 30, 2012); *Ibey v. Taco Bell Corp.*, No. 12-CV-0583-H (WVG), 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012); *Greene v. DirecTV, Inc.*, No. 10 C 117, 2010 WL

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

4628734, *3 (N.D. Ill. Nov. 8, 2010). *See also Martin v. Comcast Corp.*, No. 12 C 6421, 2013 WL 6229934, *3 (N.D. Ill. Nov. 26, 2013) ("[i]n sum, we agree with the legal premise behind Comcast's argument. If plaintiff did provide his cell number, he will be deemed to have consented to these calls…"). Along these same lines, the FCC has noted that "persons who knowingly release their phone number have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 7 FCC Rcd. 8752, 8769. *See also Emanuel,* 2013 WL 1719035 at *2 (citing same). Thus, in this instance, Plaintiffs' admission that they provided their cell phone numbers to Uber is an admission that they have no TCPA claim against Uber.

Several courts have granted motions to dismiss in similar cases after plaintiffs admitted on the face of their complaints that they provided their cell phone numbers to defendants. In *Pinkard*, 2012 WL 5511039 at *2-6, the court granted the defendant's motion to dismiss on grounds that the plaintiff admitted in her complaint that she provided her cell phone number to defendant when she dropped off a prescription with a Wal-Mart pharmacy after being told that the number was needed "in case there were any questions that came up." The court noted that by providing her phone number to defendant, she had provided "clear and unmistakable" consent to be contacted at that number. *Id.* at *5 (citing *Satterfield*, 569 F.3d at 955). "To hold otherwise would contradict the overwhelming weight of social practice: that is, distributing one's telephone number is an invitation to be called, especially when the number is given at another's request." *Id. See also Roberts*, 2013 WL 2384242 at *4 (finding *Pinkard* persuasive and adopting it because it correctly applied the Ninth Circuit's decision in *Satterfield*). Similarly, in *Murphy*, 2013 WL 6865772 at *5-8, the court granted a motion to dismiss where the complaint clearly alleged that the plaintiff voluntarily provided a blood bank with his cell phone number when filling out a new donor

information sheet.  In so ruling, the court applied the FCC's rationale and interpreted the FCC rule to mean that persons releasing their phone numbers have given consent to be contacted using an ATDS.  *See Id.* at *8.  *See also Lamont*, 2014 WL 1453750 at *1-3 (granting motion to dismiss where the face of the complaint demonstrated that plaintiff provided cell phone number to defendant); *Emanuel,* 2013 WL 1719035 at *4.  Moreover, courts have rejected plaintiffs' requests for leave to amend their complaints in such instances, finding that amendment would be futile after plaintiffs admitted providing their cell phone numbers to defendants.  *See Emanuel,* 2013 WL 1719035 at *4; *Pinkard*, 2012 WL 5511039 at *7.  *See also Murphy*, 2013 WL 6865772 at *11.

      Here, five of seven plaintiffs admit that they are among individuals who received a text message "after providing Uber with the telephone number at which they received the text message."  *See* Amended Complaint, ¶ 125.  *See also* Amended Complaint, ¶¶ 36, 39, 53, 54, 70, 99, 113.  Therefore, it is apparent on the face of the Amended Complaint that Uber had "prior express consent" to send text messages to theses five Plaintiffs.[8]  Accordingly, Uber has a complete defense to their allegations and their claims should be dismissed with prejudice.

---

[8] To the extent the Amended Complaint also contains contradictory statements that Plaintiffs did not provide prior express consent to receive the text messages at issue, those statements are unsupported legal conclusions that the Court need not accept as true.  *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  Indeed, other courts have granted motions to dismiss based on admissions in complaints that plaintiffs provided their cell phone numbers in spite of contradictory conclusory allegations that plaintiffs did not provide consent.  *See Murphy,* 2013 WL 6865772 at * 2 (alleging plaintiff did not give express consent); *Emanuel,* 2013 WL 1719035 at *1 (same); *Pinkard*, 2012 WL 5511039 at * 1 (alleging "unsolicited and unauthorized text messages).

### III. CONCLUSION

Plaintiffs Kerry Reardon, James Lathrop, Jennifer Reilly, Justin Bartolet, and Jonathan Grindell all concede that they provided prior express consent for Uber to contact them on their cell phones. Therefore, Uber has an affirmative defense to the claims of those five Plaintiffs, and those claims should be dismissed.

Dated:  February 27, 2015               Respectfully submitted,

                                        LOCKE LORD LLP


                                        By: /s/ Susan J. Welde
                                            Martin Jaszczuk
                                            Nick J. Di Giovanni
                                            Susan J. Welde

                                        *Attorneys for Defendant UBER TECHNOLOGIES, INC.*