Hassan A. Zavareei (SBN 181547)
hzavareei@tzlegal.com
**TYCKO & ZAVAREEI LLP**
2000 L Street, N.W., Suite 808
Washington, DC 20036
Tel.: (202) 973-0900
Fax: (202) 973-0950

*Attorney for Plaintiffs Kerry Reardon,
James Lathrop, Julie McKinney,
Jonathan Grindell, Sandeep Pal,
Jennifer Reilly, and Justin Bartolet*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PLAINTIFFS KERRY REARDON, JAMES LATHROP, JULIE MCKINNEY, JONATHAN GRINDELL, SANDEEP PAL, JENNIFER REILLY, and JUSTIN BARTOLET on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> UBER TECHNOLOGIES, INC. <br><br> Defendant. | Civil Action No. 14-cv-05678-JST <br><br> **CORRECTED JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT** <br><br> Judge Jon S. Tigar |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP"), Local Rule 16-9, the Court's Order Setting Initial Case Management Conference and Deadlines, and this Court's Standing Orders, Plaintiffs Kerry Reardon, James Lathrop, Julie McKinney, Jonathan Grindell, Sandeep Pal, Jennifer Reilly, and Justin Bartolet (collectively, "Plaintiffs") and Defendant Uber Technologies, Inc. ("Defendant" or "Uber") respectfully submit the following joint case management statement and Rule 26(f) Report.

### I. JURISDICTION AND SERVICE

This Court has original jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d). Plaintiffs and members of the putative Classes allege aggregate damages exceeding $5,000,000, exclusive of interest and costs, and that this is a putative class action in which any member of the

putative classes of plaintiffs is a citizen of a state different from the Defendant. This Court also has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims allegedly arise out of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"). All parties have been served.

## II. FACTS

### A. Plaintiffs' Contentions

This case concerns Defendant's alleged violations of the TCPA. Defendant is a nationwide software technology company that promotes and licenses its mobile-based software the ("Uber App") to connect drivers with passengers. All of the Plaintiffs allege that they received multiple automated text messages from Uber and that those automated text messages violated the TCPA, which protects consumers from receiving spam automated telephone calls and/or text messages. Plaintiffs seek to represent two Classes of consumers. Two of the seven Plaintiffs—the putative Class A Plaintiffs, Julie McKinney and Sandeep Pal—allege that they never had any prior communication with Uber of any kind. FAC ¶¶ 24, 84, 124. Plaintiffs allege that Uber texted the putative Class A Plaintiffs out of the blue, even though they never provided their cell phone numbers to Uber or otherwise indicated an interest in any sort of commercial relationship with Uber. *Id*. ¶¶ 24-25, 84-85.

Class A is currently defined as:

> All persons domiciled within the United States who, within the last four years, received a non-emergency text message on their cellular telephone from Uber, without their prior express consent, via an [an automatic telephone dialing system ("ATDS" or "autodialer")], and prior to receiving the text message had not provided Uber with the cellular telephone number at which they received the text message from Uber.

The other five Plaintiffs—the putative Class B Plaintiffs—began to sign up as drivers to use Uber but decided not to complete the process and did not wish to use Uber. *Id*. ¶¶ 36, 53-55, 70, 99, 113. During this process, they provided Uber with their cellular telephone numbers. *Id*. ¶ 125. Plaintiffs allege that at no time during this process did any of the putative Class B Plaintiffs expressly indicate (in writing or orally) that they were consenting to Uber sending them text

messages at the number they provided. *Id.* ¶¶ 37, 56, 71, 100, 114. After the putative Class B Plaintiffs decided not to complete the process, Uber allegedly began texting them repeatedly to try to change their minds. The putative Class B Plaintiffs allege that Uber's text messages violated the TCPA because the text messages constituted telemarketing or advertising and were sent to them without prior express consent—written or otherwise.

Class B is currently defined as:

> All persons domiciled within the United States who, within the last four years, received a non-emergency text message on their cellular telephone from Uber, without their prior express consent, via an ATDS, after providing Uber with the telephone number at which they received the text message from Uber through Uber's website.

Four of the Plaintiffs—Plaintiffs Reilly, Bartolet, Grindell and Pal—allegedly replied to Uber's unwanted text messages and asked Uber to stop texting them. *Id.* ¶¶ 73, 91, 104, 116. However, they allege that Uber continued to do so. *Id.* ¶¶ 73, 91, 104-05, 116.

Plaintiffs claim that this action involves common questions of law and fact to the potential Classes because each Class Member's claim derives from Uber's allegedly systematic company-wide text messaging practices. Plaintiffs allege that the Classes are sufficiently numerous as evidenced, by inter alia, Plaintiffs' First Amended Complaint. Plaintiffs allege that Plaintiffs McKinney and Pal are typical of Class A and Plaintiffs Reardon, Reilly, Bartolet, Grindell, and Lathrop are typical of Class B. Plaintiffs claim that Plaintiffs and Plaintiffs' chosen counsel will adequately represent the putative Classes. Finally, Plaintiffs claim that common questions of law and fact predominate over questions that may affect only individual class members, as proof of a common or single set of facts will establish the right of each member of the putative Classes to recover. Among the questions of law and fact Plaintiffs contend are common to the putative Classes are:

- Whether the Defendant's conduct violates the TCPA;
- Whether the Defendant's text messages were sent for an emergency purpose;
- Whether the Defendant obtained valid express consent from the automated text message recipients;

- Whether Defendant adhered to requests by Class members to stop sending text messages;
- Whether the Defendant keeps records of text message recipients who revoked consent to receive text messages;
- Whether Plaintiffs and members of the Classes are entitled to damages, costs, or attorney's fees from Defendant;
- Whether Defendant's conduct caused Plaintiffs and members of the Classes inconvenience or annoyance;
- Whether Plaintiffs and members of the Classes are entitled to compensatory damages;
- Whether Plaintiffs and members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct;
- Whether Plaintiffs and members of Class A and Class B are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

### B. Defendant's Contentions

Defendant denies that it violated the TCPA or any of its implementing regulations. First, Defendant contends that the text messages at issue were not "advertising" or "telemarketing" because they referenced potential independent contractor relationships and did not seek to sell the Plaintiffs anything. *See* Amended Complaint, ¶¶ 36, 38, 53, 70, 99, 113, 115, Exhibit B, and Exhibit C. *See also* Uber's Motion to Dismiss and Reply in Support. Consequently, Defendant contends that it was only required to obtain the Plaintiffs' prior express consent and was not required to meet the stricter prior express written consent standard required for telemarketing messages.[1] *See* 47 C.F.R. § 64.1200(a)(1) and (2). Defendant also contends that it had the consent of all of the Plaintiffs. Five of the seven Plaintiffs concede that they provided Defendant with their phone numbers after contacting Defendant seeking to "become a driver," which is sufficient to satisfy the prior express consent standard. *See* Amended Complaint, ¶¶ 36, 38, 39, 54, 70, 99, 113.

---

[1] Should the Court find that prior express written consent was required for the messages, Defendant contends that it also had the prior express written consent of the Plaintiffs.

*See also* subsection II.A above. Defendant also contends that none of those five Plaintiffs properly revoked their consent—to the extent they could even do so—and, as a result, Defendant has a complete defense to the claims of those five Plaintiffs based on prior express consent. Defendant also contends it had the consent of the remaining two Plaintiffs, that their consent was not revoked, and that it therefore has a complete defense to their claims as well.[2]

Second, Defendant denies that an ATDS was used to send the text messages at issue as the device used to send the text messages does not have the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." *See* 47 U.S.C. § 227(a)(1). The device also does not meet the FCC's definition of an ATDS.[3] Defendant also denies that the messages used an artificial or prerecorded voice.

Third, Defendant denies that this matter can appropriately be certified as a class action. Defendant contends that Plaintiffs will be unable to satisfy the numerosity, commonality, typicality and adequacy of representation standards of Rule 23(a). Similarly, Defendant contends that Plaintiffs will be unable to establish predominance and superiority under Rule 23(b)(3) and will be unable to establish that a class of individuals can be ascertained or that a class would be manageable.

Finally, Defendant reserves the right to assert additional defenses that may be revealed during the discovery process.

### III. LEGAL ISSUES: DISPUTED POINTS OF LAW

#### A. Plaintiffs' Contentions

Plaintiffs allege that Defendant's text messaging practices violate the TCPA. As to putative Class A, to prove the merits of their case, Plaintiffs contend that they must establish that: (1) Defendant used an ATDS as defined by 47 U.S.C. § 227(a)(1), (2) to send Plaintiffs text messages—which constitute "calls"—pursuant to 47 U.S.C. § 227(b)(1) and 47 C.F.R. § 64.1200,

---

[2] Defendant did not bring a motion to dismiss on grounds of consent related to the remaining two Plaintiffs because their consent was not apparent on the face of the Amended Complaint.

[3] Defendant does not concede that the FCC had the authority to add to or change the TCPA's ATDS definition.

(3) to Plaintiffs' cellular phones. As to putative Class B, to prove the merits of their case, Plaintiffs contend that they must establish that: (1) Defendant used an ATDS as defined by 47 U.S.C. § 227(a)(1), (2) to send Plaintiffs telemarketing text messages—which constitute "calls"—pursuant to 47 U.S.C. § 227(b)(1) and 47 C.F.R. § 64.1200, (3) to Plaintiffs' cellular phones, (4) without the prior express written consent of Plaintiffs.[4]

Additionally, to certify a class action, Plaintiffs must meet the requirements of Rule 23 as to each putative Class.

### B. Defendant's Contentions

Defendant contends that Plaintiffs cannot meet the elements of their claims. Defendant contends that the device used to send the text messages at issue does not meet the legal definition of an ATDS or artificial prerecorded voice, that the messages do not meet the legal definition of advertisements or telemarketing, and that the Plaintiffs provided consent to receive the text messages. Defendant reserves the right to assert any additional defenses that become apparent during the discovery process.

Defendant also disputes that Plaintiffs can certify a class in this matter, and disputes all of the following necessary elements of Rule 23 with respect to both putative classes:

1. Numerosity;
2. Commonality;
3. Typicality;
4. Adequacy of Representation;
5. Predominance;
6. Superiority;
7. Manageability; and
8. Ascertainability.

---

[4] If the Court finds that the text messages sent to Plaintiffs did not constitute "telemarketing" or "advertising" under the TCPA, Plaintiffs allege that they can still prove the merits of their case by proving that the messages were sent without their prior express consent.

## IV. MOTIONS

### A. Plaintiffs

Plaintiffs anticipate filing a motion for class certification. Plaintiffs are hopeful that the parties will not have any discovery disputes or, if such disputes arise, that the parties will be able to resolve them without the Court's assistance. However, Plaintiffs recognize that disagreements about discovery often arise in complex matters. Plaintiffs reserve the right to file other motions as appropriate, including a motion for summary judgment or partial summary judgment, and pretrial motions including motions *in limine*.

### B. Defendant

Defendant has filed a motion to dismiss the claims of the putative Class B Plaintiffs. That motion has been fully briefed and is pending before the Court. Defendant expects that discovery will not commence until after its dispositive motion is ruled upon. Defendant also anticipates that any discovery disputes can be resolved without Court intervention, and further reserves the right to file other motions as appropriate, including a motion for summary judgment or partial summary judgment, and pretrial motions including motions *in limine*.

## V. AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES

### A. Plaintiffs

Plaintiffs filed an amended complaint on January 30, 2015. As this is a putative class action, additional plaintiffs may seek to join the litigation as putative class representatives.

### B. Defendant

Defendant does not anticipate bringing in additional parties or making any cross-claims or counter-claims at this time but reserves the right to do so.

The parties have agreed to a proposed deadline of July 10, 2015 for amendment of pleadings and addition of parties.

## VI. EVIDENCE PRESERVATION

### A. Plaintiffs

Plaintiffs are aware of their document preservation and retention obligations and have taken steps to preserve relevant evidence.

### B. Defendant

Defendant is aware of its document preservation and retention obligations and has taken steps to preserve relevant evidence.

### VII. INITIAL DISCLOSURES

The parties have agreed to exchange Initial Disclosures on May 20, 2015.

### VIII. PRIVILEGE ISSUES

The parties will propose a stipulated protective order to govern discovery in this matter. The parties propose that any party withholding documents or information based on the assertion of a privilege shall serve a privilege log that complies with the Federal Rules of Civil Procedure within 14 days after completing the production of documents responsive to the document request to which the privilege was asserted. The parties agree that a privilege log should not be required for attorney-client privileged communications between any of the parties and their outside counsel that post-date the filing of the Complaint. The parties agree that they should log communications with outside counsel that pre-date the filing of the Complaint.

### IX. DISCOVERY

Discovery has not yet been initiated. Plaintiffs intend, however, to serve interrogatories, requests for production, and requests for admission on Defendant. Plaintiffs also intend to take the deposition of Defendant and, perhaps, third-party witnesses. After a ruling on its motion to dismiss, Defendant intends to serve interrogatories, requests for production, and requests for admission on each Plaintiff. Defendant also intends to take the deposition of each Plaintiff and potentially third-party witnesses. The parties do not believe that formal bifurcation of discovery is needed.

### X. PROPOSED SCHEDULE

**May 20, 2015**: Initial Disclosures

**July 10, 2015**: Amendment of Pleadings

**September 10, 2015**: Plaintiffs' expert designation

**October 12, 2015**: Defendant's expert designation

**January 15, 2016**: Deadline for Plaintiffs to File Class Certification Motion

**February 12, 2016**: Deadline for Opposition to Class Certification

**February 26, 2016**: Deadline for Reply in Support of Class Certification

**February 26, 2016**: Deadline for Pre-Certification Motions for Summary Judgment

**February 26, 2016**: Deadline for Mediation

**April 26, 2016**: Close of Discovery

**60 Days After Ruling on Class Certification**: Deadline for Post-Certification Motions for Summary Judgment

**August 26, 2016**: First Pretrial Conference

## XI. RELATED CASES

Neither party is aware of any related cases at this time.

## XII. RELIEF

### A. Plaintiffs

Plaintiffs seek, on behalf of themselves and those similarly situated, statutory damages, actual and punitive damages, injunctive relief, and attorneys' fees and costs.

### B. Defendant

Defendant does not seek damages at this time but may seek to recover their attorneys' fees and costs expended in the defense of this matter.

## XIII. SETTLEMENT AND ADR

The parties are willing to engage in mediation with a mediator provided by the Court or with a private mediator, but believe that mediation would be premature at this time. The parties agree to conduct a mediation prior to February 26, 2016.

## XIV. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiffs consented to having a magistrate judge preside over this action, but Defendant did not.

## XV. OTHER REFERENCES

The parties oppose reference to a special master.

## XVI. NARROWING OF ISSUES

The parties have been unable to identify any issues that can be narrowed by agreement at this time. The parties reserve the right to revisit this issue after discovery commences and

progresses.

## XVII. EXPEDITED SCHEDULE

The parties agree that this action should not be handled on an expedited basis with streamlined procedures.

## XVIII. OTHER MOTIONS AND PRETRIAL CONFERENCE

The parties note that they expect to each file a motion for summary judgment prior to class certification, but they respectfully request an Order granting each party the right to file an additional motion for summary judgment post-certification in the event a class is certified. The parties agree to the proposed summary judgment and pretrial conference deadlines outlined in section X above.

## XIX. TRIAL ISSUES

The parties have requested a jury trial.

## XX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A. Plaintiffs

Pursuant to Civil Local Rule 3-16, the undersigned counsel certifies that the following listed persons, associations of persons, firms, partnerships, corporations, (including parent corporations) or other entities (i) have a financial interest in the subject matter or controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding. These representations are made to enable the Court to evaluate possible disqualification or recusal.

Plaintiff Kerry Reardon,

Plaintiff James Lathrop,

Plaintiff Julie McKinney,

Plaintiff Jonathan Grindell

Plaintiff Sandeep Pal,

Plaintiff Jennifer Reilly,

Plaintiff Justin Bartolet,

Members of the putative Classes.

**B. Defendant**

Pursuant to Civil Local Rule 3-16, the undersigned counsel certifies that the following listed persons, associations of persons, firms, partnerships, corporations, (including parent corporations) or other entities (i) have a financial interest in the subject matter or controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding. These representations are made to enable the Court to evaluate possible disqualification or recusal.

Defendant Uber Technologies, Inc.

Dated: April 29, 2015  TYCKO & ZAVAREEI LLP

By: /s/ Hassan A. Zavareei
Hassan A. Zavareei (SBN 181547)
*Attorney for Plaintiffs*

LOCKE LORD LLP

By: /s/ Susan J. Welde
Susan J. Welde (SBN 205401)
*Attorney for Defendant*

# **ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED: April 29, 2015 /s/ Hassan A. Zavareei
Hassan A. Zavareei
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on April 29, 2015, I caused the foregoing document to be filed electronically through the Court's CM/ECF System and served on all counsel of record.

/s/ Hassan A. Zavareei
Hassan A. Zavareei
*Attorney for Plaintiffs*