Hassan A. Zavareei (SBN 181547)
hzavareei@tzlegal.com
**TYCKO & ZAVAREEI LLP**
2000 L Street, N.W., Suite 808
Washington, DC 20036
Tel.: (202) 973-0900
Fax: (202) 973-0950

*Attorney for Plaintiffs Kerry Reardon,
James Lathrop, Julie McKinney,
Jonathan Grindell, Sandeep Pal,
Jennifer Reilly, and Justin Bartolet*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAINTIFFS KERRY REARDON, JAMES LATHROP, JULIE MCKINNEY, JONATHAN GRINDELL, SANDEEP PAL, JENNIFER REILLY, and JUSTIN BARTOLET on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.<br><br>Defendant. | Civil Action No. 14-cv-05678-JST<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION<br><br>Honorable Judge Jon S. Tigar<br><br>DATE:  July 2, 2015<br>TIME:  2:00 p.m.<br>PLACE: Courtroom 9<br><br>*Plaintiffs intend to ask the Court to vacate this hearing date to reset consistent with a full and final scheduling order* |

PLEASE TAKE NOTICE that pursuant to the Rules of this Court, Plaintiffs Kerry Reardon, James Lathrop, Julie McKinney, Jonathan Grindell, Sandeep Pal, Jennifer Reilly, and Justin Bartolet ("Plaintiffs") have set a hearing date for July 2, 2015, at 2:00 p.m. in Courtroom 9 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, for an order granting Plaintiffs' Motion for Class Certification. *However, Plaintiffs do not believe that this Motion should be heard on this date and will separately ask the Court to vacate the hearing date to allow for a hearing after necessary discovery and full and complete briefing on the motion.*

Plaintiffs, through undersigned counsel, submit their Memorandum of Points and Authorities in Support of their Motion for Class Certification.

This Motion is made pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs have filed suit on behalf of themselves and the classes against Defendant Uber Technologies, Inc. ("Uber") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* In order to avoid having their class action claims under the TCPA "picked off" by an offer of judgment made pursuant to Fed. R. Civ. P. 68, Plaintiffs, pursuant to Fed. R. Civ. P. 23, have filed this motion for class certification now, rather than waiting for discovery. *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895-97 (7th Cir. 2011). Although the Ninth Circuit has ruled that a Rule 68 offer of judgment does not moot TCPA plaintiffs' class claims, *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 874-75 (9th Cir. 2014), the Supreme Court has recently taken up this question. *See Campbell-Ewald Co. v. Gomez*, No. 14-857, 2015 WL 246886 (U.S. May 18, 2015). Therefore, in an abundance of caution, Plaintiffs file the instant Motion in a procedure endorsed by the Seventh Circuit in *Damasco*. 662 F.3d at 895-97. By filing this protective Rule 23 motion, Plaintiffs preclude Uber from mooting their class action claims through Rule 68 offers of judgment.

Plaintiffs request leave to submit a brief and other evidence in support of this motion after discovery about the class elements has been completed. Thus, Plaintiffs request that the Court "delay its ruling to provide time for additional discovery or investigation." *Damasco*, 662 F.3d at 896.

Dated: May 21, 2015                                     Respectfully submitted,

                                                                                                                   /s/ Hassan A. Zavareei
Hassan A. Zavareei (SBN 181547)
hzavareei@tzlegal.com
**TYCKO & ZAVAREEI LLP**
2000 L Street, N.W., Suite 808
Washington, DC 20036
Tel.: (202) 973-0900
Fax: (202) 973-0950

*Attorney for Plaintiffs Kerry Reardon, James Lathrop, Julie McKinney, Jonathan Grindell, Sandeep Pal, Jennifer Reilly, and Justin Bartolet*

Hassan A. Zavareei (SBN 181547)
hzavareei@tzlegal.com
**TYCKO & ZAVAREEI LLP**
2000 L Street, N.W., Suite 808
Washington, DC 20036
Tel.: (202) 973-0900
Fax: (202) 973-0950

*Attorney for Plaintiffs Kerry Reardon,
James Lathrop, Julie McKinney,
Jonathan Grindell, Sandeep Pal,
Jennifer Reilly, and Justin Bartolet*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PLAINTIFFS KERRY REARDON, JAMES LATHROP, JULIE MCKINNEY, JONATHAN GRINDELL, SANDEEP PAL, JENNIFER REILLY, and JUSTIN BARTOLET on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.<br><br>Defendant. | Civil Action No. 14-cv-05678-JST<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION<br><br>Honorable Judge Jon S. Tigar<br><br>DATE: July 2, 2015<br>TIME: 2:00 p.m.<br>PLACE: Courtroom 9 |

**INTRODUCTION**

Plaintiffs Kerry Reardon, James Lathrop, Julie McKinney, Jonathan Grindell, Sandeep Pal, Jennifer Reilly, and Justin Bartolet ("Plaintiffs") respectfully request that the court grant them class certification and appoint their counsel Class Counsel pursuant to Fed. R. Civ. P. 23. Plaintiffs respectfully request that the Court certify the following two classes:

> **Class A**: All persons domiciled within the United States who, within the last four years, received a non-emergency text message on their cellular telephone from Uber, without their prior express consent, via an automatic telephone dialing system, and prior to receiving the text message had not provided Uber with the cellular telephone number at which they received the text message from Uber.

> **Class B**: All persons domiciled within the United States who, within the last four years, received a non-emergency text message on their cellular telephone from Uber, without their prior express consent, via an automatic telephone dialing system, after providing Uber with the telephone number at which they received the text message from Uber through Uber's website.

Defendant sent text message advertisements to Plaintiffs and others via an automatic telephone dialing system ("ATDS" or "autodialer").  It is possible that the proposed definitions will change after discovery defines the precise contours of the classes and the text messages that were sent, and Plaintiffs reserve the right to amend these proposed definitions if necessary.  Plaintiffs request leave to submit a brief and other evidence in support of this motion after discovery about the class elements has been completed.  And, should the Court find it necessary to more fully develop a factual record in order to consider certifying the classes, Plaintiffs request that the Court "delay its ruling to provide time for additional discovery or investigation."  *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895-97 (7th Cir. 2011).

## BACKGROUND

As discussed in Plaintiffs' First Amended Complaint ("FAC;" Dkt. No. 10) and their Opposition to Uber's Motion to Dismiss (Dkt. No. 28), Uber is a software company that promotes and licenses mobile-based software the ("Uber App") to connect commercial drivers with passengers.  Pursuant to its license agreement with the drivers, Uber generates income by taking a portion of the money that the passengers pay to the drivers.  Plaintiffs Julie McKinney and Sandeep Pal (the "Class A Plaintiffs") never used Uber and had no contact with Uber before Uber sent them multiple text messages promoting Uber and the opportunity to use the Uber App as a driver. Plaintiffs Kerry Reardon, James Lathrop, Jennifer Reilly, Justin Bartolet, and Jonathan Grindell (the "Class B Plaintiffs") all considered using the Uber App as drivers and provided some information, including their phone numbers, to Uber in this process.  When they all decided not to complete that process, Uber began texting them repeatedly to try to change their minds.  Further, Uber ignored specific requests by Plaintiffs Pal, Reilly, Bartolet, and Grindell that it stop sending them text messages.  Both the Class A and Class B Plaintiffs allege that Uber's text message spam violated the TCPA because the text messages constituted telemarketing or advertising and were sent to them

via an automated telephone dialing system ("ATDS") without prior express consent—written or otherwise.

## ARGUMENT

### A.     Legal Standard

Federal Rule of Civil Procedure 23 governs class certification. Under Rule 23, the party seeking certification must first demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  The party seeking certification must then show that at least one of the following three conditions is satisfied: (1) the prosecution of separate actions would create a risk of: (a) inconsistent or varying adjudications, or (b) individual adjudications dispositive of the interests of other members not a party to those adjudications; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b).  Plaintiffs in this matter request certification under Rule 23(b)(3).

### B.     Numerosity

A class must be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  Here, Defendant's text messages were successfully sent to at least 40 recipients, and likely thousands.  *See e.g.*, *Rannis v. Recchia*, 380 F. App'x 646, 650-51 (9th Cir. 2010) (certifying class of 20 members and stating that a class of 40 usually satisfies numerosity requirement). Individual joinder of absent class members is impracticable.  *See, e.g.*, 1 Newberg on Class Actions 3.05, at 3-25 (3d ed. 1992) (suggesting that any class consisting of more than 40 members "should raise a presumption that joinder is impracticable").

### C. Commonality

Rule 23(a) also requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is satisfied by showing "a common nucleus of operative fact." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Defendant engaged in standardized conduct involving a common nucleus of operative facts by sending text message advertisements to class members via an ATDS on a list or lists generated by them or a third party without the class members' prior express consent (and/or without their prior express written consent), in violation of federal law and regulations. *See* 47 U.S.C. § 227 *et seq.*; 47 C.F.R. § 64.1200. Common questions of law and fact at issue in this matter include, but are not limited to (1) whether Uber obtained valid express consent (or express written consent) from the automated text message recipients; (2) whether Uber sent text messages via an ATDS; and (3) whether Uber's conduct constituted a "knowing" and/or "willful" violation of the TCPA, entitling Plaintiffs and the class members to treble damages. *See also* FAC at 15.

### D. Typicality

Rule 23(a)'s third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Supreme Court has explained that "the commonality and typicality requirements of Rule 23(a) tend to merge." *Gen. Tel. Co. of the Sw. v. Falcon,* 457 U.S. 147, 157 n.13 (1982). Here, Plaintiffs' claims and the other proposed class members' claims all arise from Defendant's common centralized text message advertising campaign.

### E. Adequacy of Representation

Rule 23(a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Plaintiffs McKinney and Pal are both adequate representatives of Class A, and Plaintiffs Reardon, Lathrop, Reilly, Bartolet, and Grindell are all adequate representatives of Class B. There is no antagonism between the interests of Plaintiffs and those of the other class members. Plaintiffs' counsel are experienced lawyers who are particularly experienced with consumer class action litigation, and they are adequate counsel for the

classes.

## F. Predominance

Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions. The Supreme Court has explained that the Rule 23(b)(3) "inquiry trains on the legal or factual questions that qualify each class member's case as a genuine controversy," with the purpose being to determine whether a proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623 (1997). "Predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws." *Id.* at 625. As discussed above, common legal issues predominate because the class members' claims arise under the same federal statute. Common fact issues also predominate. On the other hand, there are very few individualized issues. There is no reliance requirement and the question of the number of text messages sent and received can be proven easily on a class-wide basis and is not subject to individual proof.

## G. Superiority

Rule 23(b)(3) also requires that a class action be the superior method for adjudicating the claims. Certifying a class is the "superior" way when the "'class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem,* 521 U.S. at 615 (quoting Fed. R. Civ. P. 23 advisory committee notes). Here, a class action to decide this straightforward case with relatively few factual and legal issues would be far more efficient than thousands of individual trials all aimed at making the same determinations.

## CONCLUSION

The proposed class meets the requirements of Rules 23(a), (b)(3) and (g). Plaintiffs request that the Court certify the classes, appoint Plaintiffs as the class representatives, and appoint Plaintiffs' attorneys as class counsel.

| | |
|---|---|
| Dated: May 21, 2015 | Respectfully submitted,<br><br>  /s/ Hassan A. Zavareei  <br>Hassan A. Zavareei (SBN 181547)<br>hzavareei@tzlegal.com<br>**TYCKO & ZAVAREEI LLP**<br>2000 L Street, N.W., Suite 808<br>Washington, DC 20036<br>Tel.: (202) 973-0900<br>Fax: (202) 973-0950<br><br>*Attorney for Plaintiffs Kerry Reardon, James Lathrop, Julie McKinney, Jonathan Grindell, Sandeep Pal, Jennifer Reilly, and Justin Bartolet* |

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on May 21, 2015, I caused the foregoing document to be served on all counsel of record by the Court's CM/ECF electronic filing system.

/s/ Hassan A. Zavareei
Hassan A. Zavareei
*Attorney for Plaintiffs*