UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY REARDON, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>   Defendant. | Case No.  14-cv-05678-JST<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 25 |

Now before the Court is Defendant Uber Technologies, Inc.'s motion to dismiss. ECF No. 25. Among the arguments Uber makes is that the Class B plaintiffs consented to receive text messages from Uber when they provided their cell phone numbers to Uber during Uber's driver application process. See id. at 1 ("Under the Telephone Consumer Protection Act, 47 U.S.C. § 227 e*t seq.* ('TCPA'), by providing Uber with their cell phone numbers in relation to 'becoming a driver for Uber' (Amended Complaint, ¶ 53), these Plaintiffs provided Uber with 'prior express consent' to contact them at those numbers.  And, prior express consent is a complete defense to Plaintiffs' TCPA claims.").

Uber's argument is based on a 1992 order issued by the Federal Communications Commission. In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 7 FCC Rcd 8752 (Oct. 16, 1992) (the "1992 FCC Order").  In that order, the FCC found that

> [p]ersons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary.  Hence, telemarketers will not violate [TCPA rules] by calling a number which was provided as one to which the called party wishes to be reached.

Id., 7 FCC Rcd at 8769 ¶ 31.

1    The question therefore arises whether members of the class "provided" their cell phone
2 numbers to Uber within the meaning of the 1992 FCC Order. Four of the Class B plaintiffs never
3 submitted completed applications to Uber. See ECF No. 10 (Complaint) at ¶¶ 54-55 (James
4 Lathrop); ¶ 70 (Jonathan Grindell); ¶ 90 (Jennifer Reilly); ¶ 113 (Justin Bartolet). Thus, although
5 Uber may have become aware of Plaintiffs' cell phone numbers during the application process, it
6 is unclear from the face of the complaint whether they "provided" those numbers. The fact that
7 the Complaint sometimes uses the words "provide" or "provided" is not dispositive of this
8 question, since the 1992 FCC Order requires that "a number [be] provided as one to which the
9 called party wishes to be reached."

10    The parties are invited to file supplemental briefing addressing this question. Uber may
11 file a brief of not more than ten pages by June 16, 2015; Plaintiffs may file a response of not more
12 than ten pages by June 30, 2015; and Uber may file a reply brief of not more than five pages by
13 July 7, 2015. The Court will thereafter again take Uber's motion to dismiss under submission.

14    The parties are reminded that, at this stage, Uber's consent defense must be decided based
15 only on the face of the complaint. Sams v. Yahoo! Inc., 713 F.3d 1175, 1179 (9th Cir. 2013).

**IT IS SO ORDERED.**

Dated: June 2, 2015



JON S. TIGAR
United States District Judge