LOCKE LORD LLP
Susan J. Welde, (SBN: 205401)
swelde@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: (213) 485-1500
Facsimile: (213) 485-1200

LOCKE LORD LLP
Martin Jaszczuk, (Pro Hac Vice)
mjaszczuk@lockelord.com
Nick J. Di Giovanni, (Pro Hac Vice)
ndigiovanni@lockelord.com
111 S. Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-0700
Facsimile: (312) 443-0336

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES LATHROP, et al.

                Plaintiffs,

    vs.

UBER TECHNOLOGIES, INC.

                Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 14-cv-05678-JST

UBER'S ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFFS' SECOND
AMENDED CLASS ACTION
COMPLAINT

*Locke Lord LLP*
*300 South Grand Avenue, Suite 2600*
*Los Angeles, CA 90071*

Defendant, Uber Technologies, Inc. ("Uber" or "Defendant"), by and through undersigned counsel, hereby answers and sets forth its affirmative defenses to Plaintiffs' Second Amended Class Action Complaint according to its numbered paragraphs as follows:

## INTRODUCTION

1.    Defendant lacks knowledge or information sufficient to form a belief about why Plaintiffs bring this action.   Uber denies all remaining allegations of paragraph 1.

2.    The allegations of paragraph 2 state legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all remaining allegations of paragraph 2.

3.    The allegations of paragraph 3 state legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all remaining allegations of paragraph 3.

4.    The allegations of paragraph 4 state legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all remaining allegations of paragraph 4.

5.    Uber admits that it is a software technology company that provides lead generation services for transportation companies and drivers ("drivers") through a software application ("Uber app").  Uber denies all remaining allegations of paragraph 5.

6.    Uber admits that riders using the Uber app may request rides from third-party transportation providers through the Uber app and pay the transportation providers electronically.  Uber denies all remaining allegations of paragraph 6.

7.    Uber admits that drivers using the Uber app to receive requests for rides use their own cars or their company's car.  Uber denies all remaining allegations of paragraph 7.

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA 90071**

8.     Uber admits that it was founded in 2009 and that its software application is available to third-party transportation providers in over 200 cities across more than 45 countries.  Uber denies all remaining allegations of paragraph 8.

9.     Admitted.

10.    Denied.

11.    Uber admits that Vice published an article of the listed title but denies that the article is accurate.  Uber denies all remaining allegations of paragraph 11.

12.    Uber admits that Vice published an article but denies that the article and the Complaint's description of the article are accurate.   Uber denies all remaining allegations of paragraph 12.

## JURISDICTION AND VENUE

13.    Uber admits this Court has jurisdiction over this action.  Uber denies that Plaintiffs and members of the putative Classes have suffered aggregate damages exceeding $5,000,000, denies that this matter can be brought as a class action, and denies all remaining allegations of paragraph 13.

14.    Uber admits this Court has federal question jurisdiction over this case but denies that Uber violated the TCPA.

15.    Uber admits that venue is proper in this district but denies all remaining allegations of paragraph 15.

## PARTIES

16.    Uber lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 16.

17.    Uber lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 17.

DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

18.     Uber lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 18.

19.     Uber lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 19.

20.     Uber lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 20.

21.     Uber lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 21.

22.     Uber admits that it is a software technology company that provides lead generation services for transportation companies and drivers through a software application.  Uber admits that it is a Delaware corporation with its principal place of business at 1455 Market Street, 4th Floor, San Francisco, CA 94103.  Uber denies all remaining allegations of paragraph 22.

## **FACTS AS TO PLAINTIFF JULIE MCKINNEY**

23.     Uber admits that Plaintiff McKinney has never been a driver using the Uber platform and admits that Plaintiff McKinney has never been an Uber "member" insofar as it means a member of the company.  Uber lacks knowledge or information sufficient to form a belief regarding whether Plaintiff McKinney has been an Uber "user."  Uber denies all remaining allegations of paragraph 23.

24.     Uber admits that in or around December of 2014 at least three text messages were sent to the phone number plaintiffs' counsel has represented belongs to this Plaintiff.  Uber denies all remaining allegations of paragraph 24.

25.     Uber admits that text messages were sent to the phone number plaintiffs' counsel has represented belongs to this Plaintiff.  Uber denies all remaining allegations of paragraph 25.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

26.     Uber admits that a text message with this message was sent on December 4, 2014 to the phone number plaintiffs' counsel has represented belongs to this Plaintiff.  Uber denies all remaining allegations of paragraph 26.

27.     Uber admits that a text message with this message was sent on December 17, 2014 to the phone number plaintiffs' counsel has represented belongs to this Plaintiff.  Uber denies all remaining allegations of paragraph 27.

28.     Uber lacks knowledge or information sufficient to form a belief regarding the last four digits of McKinney's cellular telephone number and regarding whether McKinney is charged for incoming calls and text messages.  Uber denies all remaining allegations of paragraph 28.

29.     The allegations of paragraph 29 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of this paragraph given that 47 U.S.C. § 227(b)(1)(A)(i) does not define "emergency purpose."

30.     The allegations of paragraph 30 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of paragraph 30.

31.     The allegations of paragraph 31 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of paragraph 31.

32.     The allegations of paragraph 32 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of paragraph 32.

33.     The allegations of paragraph 33 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of paragraph 33.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

## FACTS AS TO PLAINTIFF JAMES LATHROP

34.     Uber lacks knowledge and information sufficient to form a belief regarding Lathrop's mindset in beginning the "sign-up process" or regarding when and why he began the "sign-up process."  Uber admits that Lathrop signed up to drive on the Uber platform.  Uber denies all remaining allegations of paragraph 34.

35.     Uber lacks knowledge and information sufficient to form a belief regarding why Lathrop did not complete the process to drive on the Uber platform. Uber admits that Lathrop provided his personal information to Uber as part of the sign-up process.  Uber denies all remaining allegations of paragraph 35.

36.     Uber admits that Lathrop did not finish the process to drive on the Uber platform.  Uber denies all remaining allegations of paragraph 36.

37.     The allegations of this paragraph state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of paragraph 37.

38.     Uber admits that text messages were sent to the phone number plaintiffs' counsel has represented belongs to this Plaintiff.  Uber denies all remaining allegations of paragraph 38.

39.     Uber denies that the phone number plaintiffs' counsel has represented belongs to this Plaintiff was not sent a text message informing him that he could opt out of receiving text messages, denies that it was required to send an opt out message because the alleged messages were not telemarketing, and denies all remaining allegations of paragraph 39.

40.     Uber admits that text messages were sent to the phone number plaintiffs' counsel has represented belongs to this Plaintiff.  Uber denies all remaining allegations of paragraph 40.

41.     Uber admits that text messages were sent to the phone number plaintiffs' counsel has represented belongs to this Plaintiff.  Uber denies all remaining allegations of paragraph 41.

42.    Uber admits that a text message with this message was sent on October 7, 2014 to the phone number plaintiffs' counsel has represented belongs to this Plaintiff. Uber denies all remaining allegations of paragraph 42.

43.    Uber admits that a text message with this message was sent on December 3, 2014 to the phone number plaintiffs' counsel has represented belongs to this Plaintiff.  Uber denies all remaining allegations of paragraph 43.

44.    Uber lacks knowledge and information sufficient to form a belief regarding the last four digits of Lathrop's phone number and regarding whether Lathrop is charged for incoming calls and text messages.  Uber denies all remaining allegations of paragraph 44.

45.    The allegations of paragraph 45 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of this paragraph given that 47 U.S.C. § 227(b)(1)(A)(i) does not define "emergency purpose."

46.    The allegations of paragraph 46 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of paragraph 46.

47.    The allegations of paragraph 47 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of paragraph 47.

48.    The allegations of paragraph 48 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of paragraph 48.

49.    The allegations of paragraph 49 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of paragraph 49.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA 90071**

## <u>FACTS AS TO PLAINTIFF JONATHAN GRINDELL</u>

50.    Uber admits that Grindell signed up to drive on the Uber platform and that he did not complete the approval process.  Uber further admits that Grindell provided Uber with his cellular phone number as part of the sign-up process.  Uber denies all remaining allegations of paragraph 50.

51.    The allegations of paragraph 51 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of paragraph 51.

52.    Uber admits that Grindell provided Uber with his cell phone number.  Uber admits that text messages were sent to the phone number plaintiffs' counsel has represented belongs to this Plaintiff.  Uber denies all remaining allegations of paragraph 52.

53.    Uber admits that text messages were sent to the phone number plaintiffs' counsel has represented belongs to this Plaintiff and a text message saying "Remove" was sent from that number.  Uber denies all remaining allegations of paragraph 53.

54.    Uber admits that text messages were sent to the phone number plaintiffs' counsel has represented belongs to this Plaintiff.  Uber lacks knowledge and information sufficient to form a belief regarding whether Grindell received automated text messages daily during the last two weeks of December 2014.  Uber denies all remaining allegations of paragraph 54.

55.    Uber admits that a text message with this message was sent on December 31, 2014 to the phone number plaintiffs' counsel has represented belongs to this Plaintiff.  Uber denies all remaining allegations of paragraph 55.

56.    Uber lacks knowledge and information sufficient to form a belief regarding the last four digits of Grindell's phone number and regarding whether Grindell is charged for incoming calls and text messages.  Uber denies all remaining allegations of paragraph 56.

57.     Uber lacks knowledge and information sufficient to form a belief regarding Grindell's cell phone plan, regarding Grindell's cell phone usage patterns, and regarding the means through which Grindell communicates with his family and friends.  Uber denies all remaining allegations of paragraph 57.

58.     The allegations of paragraph 58 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of this paragraph given that 47 U.S.C. § 227(b)(1)(A)(i) does not define "emergency purpose."

59.     The allegations of paragraph 59 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of paragraph 59.

60.     The allegations of paragraph 60 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of paragraph 60.

61.     The allegations of paragraph 61 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of paragraph 61.

62.     The allegations of paragraph 62 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of paragraph 62.

## FACTS AS TO PLAINTIFF SANDEEP PAL

63.     Uber admits that Plaintiff Pal has never been a driver using the Uber platform and admits that Plaintiff Pal has never been an Uber "member" insofar as it means a member of the company.  Uber lacks knowledge or information sufficient to form a belief regarding whether Plaintiff Pal has been an Uber "user."  Uber denies all remaining allegations of paragraph 63.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

64.     Uber admits that in or around January of 2015 three text messages were sent to the phone number plaintiffs' counsel has represented belongs to this Plaintiff. Uber denies all remaining allegations of paragraph 64.

65.     Uber admits that text messages were sent to the phone number plaintiffs' counsel has represented belongs to this Plaintiff.   Uber denies all remaining allegations of paragraph 65.

66.     Uber admits that a text message with this message was sent on January 4, 2015 to the phone number plaintiffs' counsel has represented belongs to this Plaintiff. Uber denies all remaining allegations of paragraph 66.

67.     Uber lacks knowledge and information sufficient to form a belief regarding who Plaintiff Pal believes he knows and on that basis denies that allegation.

68.     Uber admits that a text message with this message was sent on January 5, 2015 to the phone number plaintiffs' counsel has represented belongs to this Plaintiff. Uber denies all remaining allegations of paragraph 68.

69.     Uber lacks knowledge and information sufficient to form a belief regarding who Plaintiff Pal believes he knows and on that basis denies that allegation.

70.     Uber admits that a text message with this message was sent on January 20, 2015 to the phone number plaintiffs' counsel has represented belongs to this Plaintiff and that a text message saying "Stop     Regards, True Pal" was sent from that number.  Uber denies all remaining allegations of paragraph 70.

71.     Uber lacks knowledge and information sufficient to form a belief regarding the last four digits of Pal's phone number and regarding whether Pal is charged for incoming calls and text messages.  Uber denies all remaining allegations of paragraph 71.

72.     The allegations of paragraph 72 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of this paragraph given that 47 U.S.C. § 227(b)(1)(A)(i) does not define "emergency purpose."

73.     The allegations of paragraph 73 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of paragraph 73.

74.     The allegations of paragraph 74 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of this paragraph.

75.     The allegations of paragraph 75 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of this paragraph.

76.     The allegations of paragraph 76 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of this paragraph.

## FACTS AS TO PLAINTIFF JENNIFER REILLY

77.     Uber admits that Reilly signed up to drive on the Uber platform. Uber lacks knowledge and information sufficient to form a belief regarding why Reilly did not complete the approval process.  Uber denies all remaining allegations of paragraph 77.

78.     The allegations of paragraph 78 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of paragraph 78.

79.     Uber admits that text messages were sent to the phone number plaintiffs' counsel has represented belongs to this Plaintiff.   Uber denies all remaining allegations of paragraph 79.

80.     Uber admits that a text message with this message was sent to the phone number plaintiffs' counsel has represented belongs to this Plaintiff.  Uber denies all remaining allegations of paragraph 80.

81.     Uber admits that a text message with this message was sent on October 3, 2014 to the phone number plaintiffs' counsel has represented belongs to this Plaintiff. Uber denies all remaining allegations of paragraph 81.

82.     Uber admits that a text message was sent on October 14, 2014 to the phone number plaintiffs' counsel has represented belongs to this Plaintiff and that a message stating "Can you please take me off this list" was sent from that number. Uber denies all remaining allegations of paragraph 82.

83.     Uber admits that a text message was sent on October 24, 2014 to the phone number plaintiffs' counsel has represented belongs to this Plaintiff.   Uber denies the remaining allegations of paragraph 83.

84.     Uber lacks knowledge and information sufficient to form a belief regarding the last four digits of Reilly's phone number and regarding whether Reilly is charged for incoming calls and text messages.  Uber denies all remaining allegations of paragraph 84.

85.     The allegations of paragraph 85 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of this paragraph given that 47 U.S.C. § 227(b)(1)(A)(i) does not define "emergency purpose."

86.     The allegations of paragraph 86 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of this paragraph.

87.     The allegations of paragraph 87 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of this paragraph.

88.     The allegations of paragraph 88 state legal conclusions and argument to which no response is required.  To the extent a response is required, Uber denies the allegations of this paragraph.

1
2
3
4
5
6
7
8
9
10
11
12

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA 90071**

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

89. The allegations of paragraph 89 state legal conclusions and argument to which no response is required. To the extent a response is required, Uber denies the allegations of this paragraph.

## **FACTS AS TO PLAINTIFF JUSTIN BARTOLET**

90. Uber admits that Bartolet signed up to drive on the Uber platform and that he did not complete the approval process. Uber further admits that Bartolet provided Uber with his cellular phone number. Uber denies all remaining allegations of paragraph 90.

91. The allegations of paragraph 91 state legal conclusions and argument to which no response is required. To the extent a response is required, Uber denies the allegations of this paragraph.

92. Uber admits that text messages were sent to the phone number plaintiffs' counsel has represented belongs to this Plaintiff. Uber lacks knowledge and information sufficient to form a belief regarding whether Plaintiff Bartolet received at least 44 text messages from 23 different numbers between October 2014 and January 2015. Uber denies all remaining allegations of paragraph 92.

93. Uber admits that text messages were sent to the phone number plaintiffs' counsel has represented belongs to this Plaintiff and that a message stating "Stop texting this number" was sent from that number. Uber denies all remaining allegations of paragraph 93.

94. Uber lacks knowledge and information sufficient to form a belief regarding the last four digits of Bartolet's phone number and regarding whether Bartolet is charged for incoming calls and text messages. Uber denies all remaining allegations of paragraph 94.

95. The allegations of paragraph 95 state legal conclusions and argument to which no response is required. To the extent a response is required, Uber denies the

allegations of this paragraph given that 47 U.S.C. § 227(b)(1)(A)(i) does not define "emergency purpose."

96. The allegations of paragraph 96 state legal conclusions and argument to which no response is required. To the extent a response is required, Uber denies the allegations of this paragraph.

97. The allegations of paragraph 97 state legal conclusions and argument to which no response is required. To the extent a response is required, Uber denies the allegations of this paragraph.

98. The allegations of paragraph 98 state legal conclusions and argument to which no response is required. To the extent a response is required, Uber denies the allegations of this paragraph.

99. The allegations of paragraph 99 state legal conclusions and argument to which no response is required. To the extent a response is required, Uber denies the allegations of this paragraph.

## CLASS ACTION ALLEGATIONS

100. Uber lacks knowledge or information sufficient to form a belief as to why Plaintiffs McKinney and Pal bring this action. Uber denies that any class exists, denies that Plaintiffs can maintain this action as a class action, denies that the class as alleged can be certified, and denies all remaining allegations of paragraph 100.

101. Uber lacks knowledge or information sufficient to form a belief as to why Plaintiffs Lathrop, Reilly, Bartolet, and Grindell bring this action. Uber denies that any class exists, denies that Plaintiffs can maintain this action as a class action, denies that the class as alleged can be certified, and denies all remaining allegations of paragraph 101.

102. There is no class from which Uber and its employees or agents may be excluded as Uber denies that any class exists, denies that Plaintiffs can maintain this

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1    action as a class action, denies that the class as alleged can be certified, and denies all
2    remaining allegations of paragraph 102.

3         103.   Uber denies that any class exists, denies that Plaintiffs can maintain this
4    action as a class action, denies that the class as alleged can be certified, and denies all
5    remaining allegations of paragraph 103.

6         104.   Uber denies that any class exists, denies that Plaintiffs can maintain this
7    action as a class action, denies that the class as alleged can be certified, and denies all
8    remaining allegations of paragraph 104.

9         105.   Uber denies that any class exists, denies that Plaintiffs can maintain this
10   action as a class action, denies that the class as alleged can be certified, and denies all
11   remaining allegations of paragraph 105.

12        106.   Uber denies that any class exists, denies that Plaintiffs can maintain this
13   action as a class action, denies that the class as alleged can be certified, and denies all
14   remaining allegations of paragraph 106.

15        107.   Uber lacks knowledge or information sufficient to form a belief as to
16   plaintiffs' counsel's experience and competence.  Uber denies that any class exists,
17   denies that Plaintiffs can maintain this action as a class action, denies that the class as
18   alleged can be certified, and denies all remaining allegations of paragraph 107.

19        108.   Uber denies that any class exists, denies that Plaintiffs can maintain this
20   action as a class action, denies that the class as alleged can be certified, and denies the
21   remaining allegations of paragraph 108.

22        109.   Uber lacks knowledge or information sufficient to form a belief as to
23   what Plaintiffs know.  Uber denies that any class exists, denies that Plaintiffs can
24   maintain this action as a class action, denies that the class as alleged can be certified,
25   and denies all remaining allegations of paragraph 109.

26        110.   Uber denies that any class exists, denies that Plaintiffs can maintain this
27   action as a class action, denies that the class as alleged can be certified, and denies all
28   remaining allegations of paragraph 110.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

## COUNT I

## Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*)

111.   Uber incorporates by reference all of its responses above as though fully repeated herein.

112.   The allegations of paragraph 112 constitute legal argument to which no response is required.  To the extent a response is required, Uber denies that Plaintiffs have fully and completely set forth the language of the TCPA, denies that it violated the TCPA, and denies all remaining allegations of this paragraph.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Denied.

117.   Denied.

## AFFIRMATIVE DEFENSES

## First Affirmative Defense

## (Messages Not "Telemarketing" or "Advertising")

The messages allegedly sent to Plaintiffs and any putative members of the purported classes were not "telemarketing" or "advertising" and as such, the prior express written consent of Plaintiffs and/or any putative members of the purported classes was not required under the TCPA. (*See* Dkt. No. 49).

## Second Affirmative Defense

## (Prior Express Consent)

Plaintiffs and any putative members of the purported classes provided prior express consent to receive the alleged text messages, by providing their telephone numbers to Uber and by having intermediaries convey their consent to Uber.

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA 90071**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### **Third Affirmative Defense**

### **(No ATDS or Prerecorded Voice)**

The messages allegedly sent to Plaintiffs and any putative members of the purported classes were not sent using an automatic telephone dialing system ("ATDS") or prerecorded voice.

### **Fourth Affirmative Defense**

### **(Lack of Vicarious Liability)**

Defendant is not liable for the alleged text messages because any such messages were sent by third parties for whose actions Defendant cannot be held vicariously liable.

### **Fifth Affirmative Defense**

### **(Ratification)**

The claims of Plaintiffs and any putative members of the purported classes are barred, in whole or in part, by the doctrine of ratification and because Plaintiffs and/or any purported class members acquiesced to any conduct engaged in by Defendant.

### **Sixth Affirmative Defense**

### **(Waiver)**

The claims of Plaintiffs and any putative members of the purported classes are barred by the doctrine of waiver.

### **Seventh Affirmative Defense**

### **(Estoppel)**

The claims of Plaintiffs and any putative members of the purported classes are barred, in whole or in part, by their own conduct, actions, and inactions, which amount to and constitute an estoppel of all claims and relief sought.

### **Eighth Affirmative Defense**

### **(Unclean Hands)**

The claims of Plaintiffs and any putative members of the purported classes are barred, in whole or in part, by the doctrine of unclean hands in that the actions of

Plaintiffs and any putative members of the purported classes are the cause of their Complaint.

## Ninth Affirmative Defense

### (Lack of Standing)

Plaintiffs lack standing to bring the claims at issue.

## Tenth Affirmative Defense

### (Frolic & Detour)

To the extent any violation of the TCPA was committed by agents or employees of Defendant in direct contravention to established company policies, such conduct by such agents or employees was unauthorized, outside the ambit of their direct duties, and not in furtherance, but in direct contravention, of Defendant's policies. Defendant is not vicariously liable for such acts.

## Eleventh Affirmative Defense

### (Indemnification)

To the extent Defendant is liable to Plaintiffs and/or any putative members of the purported classes for any damages, Defendant is entitled to indemnification, in whole or in part, from one or more third parties.

## Twelfth Affirmative Defense

### (Proportional Fault)

The alleged injuries of Plaintiffs' and/or any putative members of the purported classes are the result, in whole or in part, of the acts or omissions of entities or individuals other than Defendant, including Plaintiffs and putative members of the purported classes, and Defendant's liability, if any, must be reduced by any percentage of fault attributable to those other entities and/or individuals.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

### Thirteenth Affirmative Defense

### (No Opt-Out Requirement)

The alleged messages were not required to include opt-out instructions or opt-out mechanisms because the alleged messages were not "telemarketing" or "advertising." (*See* Dkt. No. 49).

### Fourteenth Affirmative Defense

### (TCPA Unconstitutional)

The TCPA violates the First Amendment, Fifth Amendment, Sixth Amendment, Eighth Amendment and Fourteenth Amendment to the Constitution of the United States of America and is unconstitutional under State law.

### Fifteenth Affirmative Defense

### (Action Unconstitutional)

Certification of a class, based upon the facts and circumstances of this case, would constitute a denial of Defendant's right to due process under the Fourteenth Amendment to the United States Constitution and under State law.

### Sixteenth Affirmative Defense

### (Statute of Limitations)

The claims of putative members of the purported classes are barred by the statute of limitations.

### Seventeenth Affirmative Defense

### (Good Faith)

The claims of Plaintiffs and any putative members of the purported classes are barred, in whole or in part, by Defendant's good faith and/or good faith legal defense.

### Eighteenth Affirmative Defense

### (Failure to State a Claim)

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### **Nineteenth Affirmative Defense**

### **(Arbitration Agreement)**

The claims of Plaintiffs and/or persons who might otherwise be putative class members are barred by a valid and binding arbitration agreement.

### **Twentieth Affirmative Defense**

### **(Reservation of Rights)**

Defendant does not yet have knowledge of all facts and evidence surrounding this matter and, as a result, reserves its right to amend its Answer to raise additional affirmative defenses as they are discovered.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiffs take nothing by this action;

2.      That judgment be entered in favor of Defendant and against Plaintiffs;

3.      That Defendant be awarded its costs of suit;

4.      That Defendant be awarded its attorney's fees incurred herein;

5.      The Court deny Plaintiffs' request to certify this action as a class action; and

6.      That the Court award Defendant such other and further relief as the Court may deem proper.


Dated:  August 12, 2015                    Respectfully submitted,

                                           LOCKE LORD LLP


                                           By:  /s/ Susan J. Welde
                                                Martin W. Jaszczuk
                                                Susan J. Welde
                                                *Attorneys for Defendant*

1

2

## CERTIFICATE OF SERVICE

3       I, Susan J. Welde, counsel for Defendant UBER TECHNOLOGIES, INC.,

4   hereby certify that on August 12, 2015, I caused a true and correct copy of UBER'S

5   ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND

6   AMENDED CLASS ACTION COMPLAINT to be filed electronically through the

7   Court's CM/ECF system.

8

9   Dated:  August 12, 2015                    Respectfully submitted,

10                                             LOCKE LORD LLP

11

12                                             By:  /s/ Susan J. Welde

13                                                  Martin W. Jaszczuk

14                                                  Susan J. Welde

                                                    *Attorneys for Defendant*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA  90071**

DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT