Hassan A. Zavareei (SBN 181547)
hzavareei@tzlegal.com
**TYCKO & ZAVAREEI LLP**
2000 L Street, N.W., Suite 808
Washington, DC 20036
Tel.: (202) 973-0900
Fax: (202) 973-0950

*Attorney for Plaintiffs James Lathrop,*
*Julie McKinney, Jonathan Grindell, Sandeep Pal,*
*Jennifer Reilly, and Justin Bartolet*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAINTIFFS JAMES LATHROP, JULIE MCKINNEY, JONATHAN GRINDELL, SANDEEP PAL, JENNIFER REILLY, and JUSTIN BARTOLET on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.<br><br>Defendant. | **Civil Action No. 14-cv-05678-JST**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>Judge Jon S. Tigar<br><br>DATE: January 7, 2015<br>TIME: 2:00 p.m.<br>PLACE: Courtroom 9 |

PLEASE TAKE NOTICE that on January 7, 2015, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 9 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs James Lathrop, Julie McKinney, Jonathan Grindell, Sandeep Pal, Jennifer Reilly, and Justin Bartolet (collectively, "Plaintiffs") will and hereby do move this Court pursuant to Federal Rule of Civil Procedure 23(g) for an order appointing Hassan Zavareei of Tycko & Zavareei LLP as interim Class Counsel ("Proposed Interim Class Counsel") in these proceedings.

Plaintiffs seek appointment of Hassan Zavareei of Tycko & Zavareei LLP ("Tycko & Zavareei") as Interim Class Counsel in these proceedings. Appointment of interim class counsel will ensure the efficient and orderly prosecution of this litigation on behalf of Plaintiffs and the putative classes. The need for interim class counsel is especially pressing now, as Plaintiffs have recently

learned of three similar putative Telephone Consumer Protection Act ("TCPA") class actions filed against Defendant several months after Plaintiffs brought suit on December 31, 2014. Those cases are:

- *Kolloukian vs. Uber Technologies, Inc.*, Case No. 2:15-cv-02856-PSG-JEM (C.D. Cal.) (filed April 17, 2015)
- *Vergara v. Uber Technologies, Inc.*, Case No. 1:15-cv-06942 (N.D. Ill.) (filed August 7, 2015)
- *Kafatos v. Uber Technologies, Inc.*, Case No. 3:15-cv-03727 (N.D. Cal.) (filed August 14, 2015)

The cases are similar to the Second Amended Complaint filed in this case.[1] All of the cases allege that Defendant violated the TCPA by sending unsolicited text messages without prior express consent. The putative class definitions alleged in all three of the other cases would subsume the classes, as defined, in this case. Defendant Uber has already moved this Court for a determination that *Kafatos* is a related case under Local Rule 3-12(b). *See Kafatos v. Uber Technologies, Inc.*, 14-cv-5678, Dkt. No. 61. This Court denied that motion, and *Kafatos* was subsequently assigned to this Court as a separate matter. Dkt. No. 62. The filing of other substantially similar cases is possible. Counsel for plaintiffs in *Kolloukian*, *Vergara*, and *Kafatos* will be served a copy of this motion.

This motion is based on Plaintiffs' Incorporated Memorandum of Law in Support of Plaintiffs' Motion for Appointment of Interim Lead Counsel, the Declaration of Hassan A. Zavareei along with the resume of Proposed Interim Class Counsel ("Zavareei Decl.," attached hereto as Ex. 1), the pleadings filed herein, and such other materials as may be presented to the Court. A proposed order is attached to this motion as Exhibit 2.

The undersigned states that counsel for the parties conferred concerning this motion, that the parties are in disagreement as to the need for this motion at this time, and that Defendant will oppose this motion.

---

[1] Copies of the complaints in each of the cases are attached to the Declaration of Hassan A. Zavareei as Exhibit B.

Dated: November 19, 2015                                     Respectfully submitted,

/s/ Hassan A. Zavareei
Hassan A. Zavareei (SBN 181547)
hzavareei@tzlegal.com
**TYCKO & ZAVAREEI LLP**
2000 L Street, N.W., Suite 808
Washington, D.C. 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950

*Counsel for Plaintiffs and the putative Classes*

Hassan A. Zavareei (SBN 181547)
hzavareei@tzlegal.com
**TYCKO & ZAVAREEI LLP**
2000 L Street, N.W., Suite 808
Washington, DC 20036
Tel.: (202) 973-0900
Fax: (202) 973-0950

*Attorney for Plaintiffs James Lathrop,
Julie McKinney, Jonathan Grindell, Sandeep Pal,
Jennifer Reilly, and Justin Bartolet*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PLAINTIFFS JAMES LATHROP, JULIE MCKINNEY, JONATHAN GRINDELL, SANDEEP PAL, JENNIFER REILLY, and JUSTIN BARTOLET on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC.<br><br>   Defendant. | Civil Action No. 14-cv-05678-JST<br><br>**PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>Judge Jon S. Tigar<br><br>DATE: January 7, 2015<br>TIME: 2:00 p.m.<br>PLACE: Courtroom 9 |

I.      **INTRODUCTION**

In complex nationwide class actions such as this, the Federal Rules of Civil Procedure envision that the Court may name class counsel or lead counsel during the early stages of the litigation to ensure the proceedings advance in an orderly, expeditious, and cost-effective manner. Indeed, the Advisory Committee's Notes to Rule 23(g) stress that the "selection and activity of class counsel are often critically important to the successful handling of the class action." Fed. R. Civ. P. 23(g) (Notes of the Advisory Committee).

Pursuant to Fed. R. Civ. P. 23(g), Plaintiffs seek appointment of Hassan Zavareei of Tycko & Zavareei LLP ("Tycko & Zavareei") as Interim Class Counsel in these proceedings. Proposed

Interim Class Counsel has already spent months investigating the claims underlying this action and the other actions. Proposed Interim Class Counsel fully briefed their successful opposition to Defendant's motion to dismiss, prepared a joint Rule 26(f) report, participated in two hearings with the Court, issued written discovery to Defendant, issued third-party discovery, reviewed documents produced by Defendant, and is in the midst of extensive meet and confer discussions regarding discovery.

Proposed Interim Class Counsel has broad class action leadership experience. Hassan Zavareei has been appointed as lead counsel in two multi-district litigation proceedings: *In Re: Higher One OneAccount Marketing and Sales Practices Litigation*, No. 3:12-md-02407 (D. Conn.) and *William Klopfenstein, et al. v. Fifth Third Bank*, No. 1:12-cv-00851 (S.D. Ohio). Mr. Zavareei is also currently lead counsel or co-lead counsel in numerous ongoing class action and putative class action lawsuits, including *Timothy Hennigan, et al., v. General Electric Company*, No. 2:09-cv-11912 (E.D. Mi.); *Sylvia Hawkins, et al. v. First Tennessee Bank, N.A.*, No. CT-004085-11 (Cir. Ct. of Shelby Cty., Tenn.); *Amber Hawthorne, et al. v. Umpqua Bank*, No. 4:11-cv-06700 (N.D. Cal.); *Alfonse Forgione, et al. v. Webster Bank, N.A.*, No. UWY-CV12-6015956-S (Super. Ct. Judicial Dist. of Waterbury, Conn.); *Bodnar v. Bank of America, N.A.*, 5:14-cv-03224 (E.D. Pa.); *Small v. BOKF N.A.*, 1:13-cv-01125 (D. Colo.); *Jacobs, et al. v. FirstMerit Corporation, et al.*, 11-cv-00090 (Ct. of Common Pleas, Lake Cty., Ohio); *In re: APA Assessment Fee Litigation*, 1:10-cv-01780 (D.D.C.); *Kumar v. Safeway, Inc. et al.*, RG14726707 (Super. Ct. of Cal. Cty. of Alameda); *Kumar v. Salov North America Corp., et al.*, 4:14-cv-02411 (N.D. Cal.); *Gattinella v. Michael Kors (USA), Inc., et al.*, 1:14-cv-05731 (S.D.N.Y.); *Branca v. Nordstrom, Inc.*, 3:14-cv-02062 (S.D. Cal.); *Farwell v. Levi Strauss & Co.*, CGC-14-541316 (Super. Ct. of Cal. Cty., S.F.); *Lucas et al. v. Jos. A. Bank Clothiers, Inc.*, 14-cv-1631 (S.D. Cal.); *Stathakos et al. v. Columbia Sportswear Company*, 3:15-cv-04543 (N.D. Cal.); and *Soule v. Hilton Worldwide Inc. et al.*, 13-cv-00652 (D. Haw.).

Mr. Zavareei has also been named Settlement Class Counsel in numerous class actions that have fully concluded after providing substantial settlements for the class members, including *Shannon Schulte, et al. v. Fifth Third Bank.*, No. 1:09-cv-06655 (N.D. Ill.); *Kelly Mathena v.*

*Webster Bank*, No. 3:10-cv-01448 (D. Conn.); *Nick Allen, et al. v. UMB Bank, N.A., et al.*, No. 1016 Civ. 34791 (Cir. Ct. Jackson Cty., Mo.)*; Thomas Casto, et al. v. City National Bank, N.A.*, 10 Civ. 01089 (Cir. Ct. Kanawha Cty., W. Va.); *Eaton v. Bank of Oklahoma, N.A., and BOK Financial Corporation, d/b/a Bank of Oklahoma, N.A.*, No. CJ-2010-5209 (Dist. Ct. for Tulsa County, Okla.); *Lodley and Tehani Taulva, et al., v. Bank of Hawaii and Doe Defendants 1-50*, No. 11-1-0337-02 (Cir. Ct. of 1st Cir., Haw.)*; Jessica Duval, et al. v. Citizens Financial Group, Inc., et al*, No. 1:10-cv-21080 (S.D. Fla.); *Mascaro, et al. v. TD Bank, Inc.*, No. 10-cv-21117 (S.D. Fla.); *Theresa Molina, et al., v. Intrust Bank, N.A.*, No. 10-cv-3686 (18th Judicial Dist., Dist. Ct. Sedgwick Cty., Kan.); *Trombley v. National City Bank*, 1:10-cv-00232-JDB (D.D.C.); *Jonathan Jones, et al. v. United Bank and United Bankshares, Inc.*, No. 11-C-50 (Cir. Ct. of Jackson Cty., W. Va.); and *Jane Simpson, et al. v. Citizens Bank, et al.*, No. 2:12-cv-10267 (E.D. Mich.).

Tycko & Zavareei has also been named class counsel in other consumer class actions, including *Wong v. TrueBeginnings LLC d/b/a True.com*, No. 3-07 Civ. 1244-N (N.D. Tex.); *Geis v. Airborne Health, et. al.*, No. 2:07 Civ. 4238-KSH-PS (D.N.J.); and *Dennings, et al. v. Clearwire Corporation*, No. 2:10-cv-01859 (W.D. Wash.).  Each of these cases have resulted in settlements that have been finally approved.

Naming Interim Class Counsel now will assist this Court in the orderly and efficient management of this litigation, a matter made all the more important by the later substantially similar filings, as discussed below.

II.     **STATEMENT OF THE ISSUE TO BE DECIDED**

The question before this Court is whether Hassan Zavareei of Tycko & Zavareei should be appointed as Interim Class Counsel in order to ensure the efficient and orderly prosecution of this litigation on behalf of Plaintiffs and the putative classes.

III.    **PROPOSED INTERIM CLASS COUNSEL**

Tycko & Zavareei has a proven track record of success in complex consumer class actions. Among other things, Proposed Interim Class Counsel has represented plaintiffs in products liability class actions, employment class actions, and consumer deception class actions.  Zavareei Decl., ¶¶

6-9. Proposed Interim Class Counsel has the experience, expertise, and resources necessary to effectively lead the litigation of this case or—should additional cases be ultimately transferred to this Court—of any consolidated cases. In its class action practice, Proposed Interim Class Counsel has: (1) prevailed on numerous motions to dismiss; (2) conducted large and intensive fact discovery against multiple large institutions; (3) won contested class certification motions; and (4) attained preliminary and final approval of numerous complex class action settlements with large institutions. *Id.*, ¶ 8.

For example, as Class Counsel in *In Re: Higher One OneAccount Marketing and Sales Practices Litigation*, No. 3:12-md-02407 (D. Conn.), Tycko & Zavareei negotiated a settlement that made substantial benefits available to approximately 3.7 million Settlement Class Members. The settlement was finally approved by the Court. In granting final approval to the settlement, Judge Bryant noted that class counsel "regularly engage in consumer class litigation and other complex litigation similar to the present Litigation, and have dedicated substantial resources to the prosecution of these Actions. Moreover, Plaintiffs and Class Counsel have vigorously and competently represented the Class Members' interests in these Actions." *See* Zavareei Decl., ¶¶ 6, 13 Ex. C at 4 (Final Approval Order).

The firm resume of Tycko & Zavareei, including the resume of Mr. Zavareei, is attached to the Zavareei Declaration as Exhibit A. Proposed Interim Class Counsel possesses the experience and knowledge to litigate this action and will devote the time and resources of his attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.

IV. **THE DESIGNATION OF INTERIM CLASS COUNSEL IS IN THE BEST INTERESTS OF THE PUTATIVE CLASSES**

   A.   **The benefits of the appointment of class counsel.**

This case's broad scope and inherent legal and factual complexity necessitate—even more than usual—a sound case management structure. The designation of Interim Class Counsel will best serve the interests of all plaintiffs and the putative classes, which potentially include tens of

thousands of members. As this Court is well aware, this case will require the intricate application of the TCPA. Proposed Interim Class Counsel is fully prepared to address those complexities. In addition, Proposed Interim Class Counsel stand ready to obtain potentially large amounts of discovery. In light of the legal issues this case presents, and the large amount of potential discovery, there is no room for any management inefficiency.

Uber is represented by one of the country's largest and most experienced defense firms; it is abundantly prepared to defend these cases. Discovery could involve thousands of pages of documents, as well as multiple technical depositions, requiring knowledgeable and experienced lawyers, with the help of experts, paralegals and staff, to establish review protocols and to ensure proper document analysis in a relatively short time. These tasks will entail substantial financial commitments that Proposed Interim Class Counsel can make and will meet.

Finally, the proposed leadership structure provides all litigants and this Court with the convenience of appointed class counsel. This structure simplifies decision-making and communications with the Court and Defendant.

### B. Appointing interim class counsel is appropriate under Rule 23(g) and will protect the interests of the putative plaintiff class.

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides this Court the authority to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." The appointment of interim class counsel is necessary to protect the interests of class members because it "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation, Fourth (2004) ("MCL"), § 21.11.

Courts have applied the same factors that apply to the selection of class counsel during a motion for class certification (that is, the standards set forth in Fed. R. Civ. P. 23(g)(l)). *See In re Air Cargo Shipping Serv. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (looking to Rule 23(g)(1)(A) factors to select interim class counsel); *In re LIBOR-Based Financial Instruments*

*Antitrust Litig.*, 2011 WL 5980198, at *2 (S.D.N.Y. Nov. 29, 2011) *reconsideration denied,* 11 MD 2262 NRB, 2012 WL 1890387 (S.D.N.Y. May 17, 2012) (the factors set forth for appointing class counsel should also be considered when appointing interim class counsel). Accordingly, the Court should consider the following factors: (1) the work counsel has done in identifying and investigating the claims; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to the litigation. Fed. R. Civ. P. 23(g)(l)(A)(i)-(iv); *see also* MCL, § 21.271. The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Proposed Interim Class Counsel fully satisfies each of these criteria.

### 1.   Counsel's work to identify or investigate potential claims.

A court considering appointment of lead counsel or interim class counsel should consider the work counsel has done in the case. *See e.g., Harrington v. City of Albuquerque*, 222 F.R.D. 505, 520 (D.N.M. 2004) (appointing class counsel who had "done significant work in [the] case"). Here, Proposed Interim Class Counsel began investigating these claims approximately one year ago and has invested hundreds of hours to prosecute this litigation to date. Proposed Interim Class Counsel completed significant research investigating the potential legal claims and defenses even before filing the first class action in the nation on this issue in December, 2014. Since the filing of the case, Proposed Interim Class Counsel has: (1) successfully opposed Defendant's motion to dismiss, (2) issued two sets of requests for production, (3) issued interrogatories, (4) issued third party discovery, (5) reviewed documents, (6) reviewed interrogatory responses, (7) engaged, and continues to engage, in multiple detailed and thorough meet and confer conferences with counsel for Uber related to discovery issues, (8) participated in two conferences before this Court, and (9) initiated discussions with Uber regarding mediation and are in the process of selecting a mediator.

Here, the substantial work to date described above support the approval of Hassan Zavareei of Tycko & Zavareei as Interim Class Counsel in these proceedings.

### 2.   Counsel's experience in handling class actions, other complex litigation and claims of the type asserted in this case.

The discussion at Section II, as well as Proposed Interim Class Counsel's resume, demonstrate that Proposed Interim Class Counsel has substantial successful experience in leading large and complex class actions.

Another substantial requirement of leadership is a demonstrated willingness and ability to forge consensus and negotiate proper compromises in organizing leadership and allocating work. Using history as a guide, Proposed Interim Class Counsel has a track record of cooperation and coordination with co-counsel.  Tycko & Zavareei was named lead counsel in *In Re: Higher One OneAccount Marketing and Sales Practices Litigation* after having received the unanimous support of other firms in that litigation.  Zavareei Decl., ¶ 6.

### 3. Counsel is learned in TCPA law and has extensive knowledge of class action jurisprudence.

Proposed Interim Class Counsel is knowledgeable about the ins and outs of TCPA claims. Proposed Interim Class Counsel has gained great knowledge concerning the contours of TCPA cases, including the discovery needed to prosecute such claims against large institutions, the process for determining class-wide damages, and the data needed to do so.  Proposed Interim Class Counsel is well aware of the strategy and facts needed to craft a cohesive common class or classes.

### 4. Counsel has the resources to represent the classes.

Proposed Interim Class Counsel will devote the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.  Work will be allocated at the correct levels to be done as competently, quickly and efficiently as possible. That is what has already been done and will continue to be done.  Tycko & Zavareei has the personal, financial and technical resources to successfully handle this case.

## V. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court adopt the proposed Order naming Hassan Zavareei of Tycko & Zavareei as Interim Class Counsel in these proceedings.

| | |
|---|---|
| Dated: November 19, 2015 | Respectfully submitted,<br><br>  /s/ Hassan A. Zavareei  <br>Hassan A. Zavareei (SBN 181547)<br>hzavareei@tzlegal.com<br>**TYCKO & ZAVAREEI LLP**<br>2000 L Street, N.W., Suite 808<br>Washington, DC 20036<br>Tel.: (202) 973-0900<br>Fax: (202) 973-0950<br><br>*Attorney for Plaintiffs James Lathrop, Julie McKinney, Jonathan Grindell, Sandeep Pal, Jennifer Reilly, and Justin Bartolet* |

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on November 19, 2015, I caused the foregoing document to be filed electronically through the Court's CM/ECF System and served on all counsel of record.

True and correct copies of the foregoing document were also served on counsel for the plaintiffs in *Kolloukian*, *Vergara*, and *Kafatos*, via First Class Mail at the following addresses:

Andre E. Jardini
Kristen-Leigh Myles
Knapp Petersen and Clarke
550 N. Brand Blvd. Suite 1500
Glendale, CA 91203

*Attorneys for Plaintiff Asfike Kolloukian*

Evan M. Meyers
Yevgeniy Y. Turin
McGuire Law, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601

*Attorneys for Plaintiff Maria Vergara*

Todd M. Friedman
Adrian R. Bacon
Suren N. Weerasuriya
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Drive, #725
Beverly Hills, CA 90212

*Attorneys for Plaintiff Alexios Kafatos*

/s/ Hassan A. Zavareei
Hassan A. Zavareei
*Attorney for Plaintiffs*

PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
Civil Action No. 14-cv-05678-JST