1  James G. Snell, Bar No. 173070
   JSnell@perkinscoie.com
2  Joshua A. Reiten, Bar No. 238985
   JReiten@perkinscoie.com
3  PERKINS COIE LLP
   3150 Porter Drive
4  Palo Alto, CA 94304-1212
   Telephone: 650.838.4300
5  Facsimile: 650.838.4350

6  Debra Bernard (admitted *pro hac vice*)
   DBernard@perkinscoie.com
7  PERKINS COIE LLP
   131 South Dearborn Street, Suite 1700
8  Chicago, IL 60603-5559
   Tel: (312) 324-8400
9  Fax: (312) 324-9559

10 Nicola C. Menaldo (admitted *pro hac vice*)
   NMenaldo@perkinscoie.com
11 PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
12 Seattle, WA 98101-3099
   Tel: (206) 359-8000
13 Fax: (206) 359-9000

14 Attorneys for Defendant
   Uber Technologies, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAINTIFFS JAMES LATHROP, JULIE MCKINNEY, SANDEEP PAL, JENNIFER REILLY, JUSTIN BARTOLET, and JONATHAN GRINDELL on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 14-cv-05678-JST<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S OPPOSITION TO MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>Date: January 7, 2015<br>Time: 2:00 p.m.<br>Courtroom: 9 - 19th Floor<br><br>Judge Jon S. Tigar |

# I. INTRODUCTION

Plaintiffs' Motion for Appointment of Interim Class Counsel under Federal Rule of Civil Procedure 23(g)(3) is an attempt to manufacture a putative class leadership crisis where none exists, and the Court should deny it outright as unnecessary, unsupported, and premature.

Appointment of interim counsel is only appropriate where necessary to protect against the rivalries, competition, uncertainties, and overlapping efforts that occur where many plaintiffs' firms vie for control of a series of related class actions. But there is no "gaggle of law firms jockeying to be appointed class counsel" here and no litany of overlapping cases with consolidation on the horizon. *See Parrish v. Nat'l Football League Players Inc.*, No. C 07-00943 WHA, 2007 WL 1624601, at *9 (N.D. Cal. June 4, 2007).

To the contrary, this case has been handled by ***one firm***—Tycko & Zavareei LLP—from the outset ***without any interference*** from other firms. This one firm now vies for appointment as interim counsel on the premise that three "similar" Telephone Consumer Protection Act class actions are pending against Uber.[1] But these cases are pending in three different districts in two different states, and there have been no efforts to consolidate or coordinate the cases. Further, the *Kolloukian* action is now proceeding on an individual, not class, basis, the *Vergara* action is effectively stayed pending a ruling from the D.C. Circuit on the pending appeal of the FCC's Omnibus Order,[2] and this Court declined to relate the *Kafatos* action pending in this District with this action. Plaintiffs nonetheless conclude, without any evidence, that there is a "pressing need" to appoint interim counsel.

---

[1] Plaintiff cites: (1) *Kolloukian v. Uber Technologies, Inc.*, Case No. 2:15-cv-02856-PSG-JEM (C.D. Cal.); (2) *Vergara v. Uber Technologies, Inc.*, Case No. 1:15-cv-06942 (N.D. Ill.); and (3) *Kafatos v. Uber Technologies, Inc.*, Case No. 3:15-cv-03727 (N.D. Cal.). As described further below, *Kolloukian* is no longer a putative class action.

[2] Although the Order in *Vergara* indicates that "for the reasons stated orally, defendant's motion to stay is denied without prejudice," Dkt. No. 17, Case No. 1:15-cv-06942 (N.D. Ill. Dec. 1, 2015), the case is effectively stayed—the Court is only allowing the action to go forward for purposes of conducting discovery that is "reasonably necessary for [Plaintiff] to pursue this case no matter how the ruling is of the DC Circuit." Proceedings Tr., *Vergara*, No. 1:15-cv-06942, at 12:12-16 (N.D. Ill. Dec. 1, 2015) (Declaration of James G. Snell, Exhibit A). Plaintiffs' recent filing, Dkt. No. 75, relies solely on the minute order but ignores Judge Durkin's reasoning and the reference in the minute order to the "reasons stated orally."

-2-

As Plaintiffs are well aware, the mere pendency of "similar" cases does not necessitate appointment of class counsel. Plaintiffs' arguments regarding convenience and adequacy of counsel do nothing to save their Motion, as Tycko & Zavareei LLP may continue to represent Plaintiffs, as they have been doing since the outset, during this pre-certification phase without formal designation. Plaintiffs' Motion should be denied.

## II. BACKGROUND

Approximately four months ago, Plaintiffs filed their Second Amended Complaint ("SAC") and Uber answered shortly thereafter. Dkt. Nos. 54 & 56. Plaintiffs' SAC alleges that Uber text messaged Plaintiffs and the putative class members using an Automated Telephone Dialing System without their consent, and brings claims on behalf of two purported classes. SAC, Dkt. No. 54 ¶¶ 23-99.[3]

Subsequently, Uber requested that the Court to determine whether the *Kafatos* action, also pending in this District, should be related to the instant action. Administrative Motion, Dkt. No. 61. The Court declined to relate the cases. Related Case Order, Dkt. No. 62.

Although Uber has produced discovery to Plaintiffs, no depositions have taken place, no discovery motions have been filed, and no dispositive motions have been filed since Uber's motion to dismiss. The parties recently moved jointly for an extension of deadlines and the deadlines on calendar include Plaintiffs' expert designation due on February 19, 2016, Defendant's expert designations due on March 18, 2016, and Plaintiffs' motion for class certification due on May 20, 2016. Dkt. No. 66.

---

[3] Plaintiffs McKinney and Pal purport to represent "Class A"— an alleged class of individuals who "received a non-emergency text message on their cellular telephone from Uber, without their prior express consent, via an ATDS, and prior to receiving the text message had not provided Uber with the cellular telephone number at which they received the text message from Uber." SAC, Dkt. No. 54, ¶ 100. Plaintiffs Lathrop, Reilly, Bartolet, and Grindell purport to represent "Class B"— an alleged class of individuals who "received a non-emergency text message on their cellular telephone from Uber, without their prior express consent, via an ATDS, after providing Uber with the telephone number at which they received the text message from Uber through Uber's website." *Id.* ¶ 101.

Earlier this month, Uber moved to stay the case pending the D.C. Circuit's review of the FCC's Omnibus Order and the Supreme Court's ruling in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892, argued before the Supreme Court on November 2, 2015. Dkt. No. 71. Uber's motion is set for hearing on January 7, 2015, the same day this Motion is set for hearing. Dkt. No. 72.

### III. PLAINTIFFS' MOTION SHOULD BE DENIED

#### A. Appointment of Interim Class Counsel is Unnecessary.

A court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). But this relief is available only when "***necessary*** to protect the interests of the putative class." *See Parkinson v. Hyundai Motor Am.*, No. CV06-345AHS(MLGX), 2006 WL 2289801, *2 (C.D. Cal. Aug. 7, 2006) (emphasis added) (quoting Fed. R. Civ. P. 23 Advisory Committee's note to 2003 amendment). Interim appointment may be "necessary" when there is "***rivalry or uncertainty***" in connection with multiple "competing" cases pending at the same time. Fed. R. Civ. P. 23 Advisory Committee's note to 2003 amendment; Manual for Complex Litigation § 21.11 (4th ed. 2004) (emphasis added); *see also Donaldson v. Pharmacia Pension Plan*, Civil No. 06-3-GPM, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006). This condition is not met here.

Indeed, appointment of interim counsel is generally reserved for situations where a large number of duplicative cases have been filed and are pending in a single court. *See Donaldson*, 2006 WL 1308582, at *1 ("[T]he kind of matter in which interim counsel is appointed is one where a large number of putative class actions have been consolidated or otherwise are pending in a single court."); *see also In Re Bank of Am. Corp. Sec., Derivative & Emp't Ret. Income Sec. Act (Erisa) Litig.*, 258 F.R.D. 260, 271-74 (S.D.N.Y. 2009) (appointment of interim counsel appropriate where thirty class actions were pending before the court); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("In cases such as this, where multiple overlapping and duplicative class actions have been transferred to a single district for the

-4-

coordination of pretrial proceedings, designation of interim class counsel is encouraged, and indeed is probably essential for efficient case management."). That is not the case here.

### 1. There is No "Rivalry or Uncertainty" in Connection with Competing Cases.

Plaintiffs claim there is a "pressing need" for appointment of interim class counsel because they have learned of three "similar" TCPA class actions filed against Uber — (1) *Kolloukian*; (2) *Vergara*; and (3) *Kafatos*. Notice of Motion, Dkt. No. 73, at 2. Yet the mere pendency of other TCPA class actions does not warrant appointment of interim class counsel.

Plaintiffs do not and cannot allege any "rivalry or uncertainty" that may occur absent the appointment of interim class counsel. To the contrary, no other law firm is vying for that role in this lawsuit. *See Jenkins v. Hyundai Motor Fin. Co.*, No. C2-04-720, 2008 WL 781862, at *3 (S.D. Ohio Mar. 24, 2008) ("[D]esignation of interim counsel is unnecessary where, as here, the counsel that filed the class complaint is the only counsel seeking appointment and there is no rivalry or uncertainty between other firms."); *In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*, 234 F.R.D. 67, 69-70 (S.D.N.Y. 2006) (finding no rivalry or uncertainty where the movant law firm represented the plaintiffs and putative class since the filing of the complaint, and there was no apparent interference or rivalry from other counsel).

The cases Plaintiffs cite as justification for their Motion are pending in three different districts in two different states, and there have been no efforts to consolidate or coordinate the cases, and no apparent competition between counsel. Further, the Central District of California has determined that the *Kolloukian* action should proceed on an individual, not class, basis. *See* Scheduling Conference Tr., *Kolloukian v. Uber Technologies, Inc.*, No. 2:15-cv-02856-PSG-JEM (C.D. Cal. Nov. 16, 2015) (Declaration of James G. Snell, Exhibit B). The Northern District of Illinois, meanwhile, has effectively stayed the *Vergara* action until the D.C. Circuit decides the pending challenge to the FCC's TCPA Omnibus Order, allowing only limited discovery to proceed. *See* Proceedings Tr., *Vergara v. Uber Technologies, Inc.*, No. 1:15-cv-06942 (N.D. Ill. Dec. 1, 2015) (Declaration of James G. Snell, Exhibit A). Plaintiffs conclude, without more, that

-5-

the putative class definitions alleged in the other cases would subsume the classes as defined in this case. Notice of Motion, Dkt. No. 73, at 2. But these conclusory allegations alone are not a basis for appointing interim class counsel. Again, there is no apparent rivalry or uncertainty with respect to representation in this action. And Plaintiffs' contention that additional actions may be filed is similarly unsupported. *Id.* ("The filing of other substantially similar cases is possible."). The mere speculation that additional cases will be filed in such a way as to satisfy the above test does not justify appointing interim class counsel.

Counsel's role in the case remains the same today as it has throughout— Tycko & Zavareei LLP is the sole law firm representing Plaintiffs. Appointment of interim counsel is meant to maximize efficiencies and to eliminate the duplication of efforts and "unproductive posturing" that may occur when multiple, competing plaintiffs' lawyers and firms are involved in class representation. *See* 5 James Wm. Moore et al., Moore's Federal Practice ¶ 23.121 (3d ed. 2010). It is also meant to reduce "the risk of overstaffing or an ungainly counsel structure." Fed. R. Civ. P. 23, Advisory Committee's note to 2003 amendment. In this action ―with a single law firm―no such concerns are manifest.

### 2. Declining to Appoint Interim Class Counsel Will Not Prejudice Plaintiffs.

Plaintiffs' arguments regarding the "convenience" and "benefits" of appointing interim class counsel are misplaced. Motion, Dkt. No. 73, at 7-8. Indeed, "[f]ailure to make the formal designation [of interim counsel] does not prevent the attorney who filed the action from proceeding in it. Whether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole." *In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*, 234 F.R.D. at 70 (citation omitted).

Thus, Tycko & Zavareei LLP may continue to represent the putative class "for the purposes of filing and responding to motions, conducting discovery, engaging in settlement discussions, or any other legitimate purpose" without being appointed "interim" class counsel. *Id.* There is no urgency to clarify "responsibility for protecting the interests of the class during

-6-

precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement" because counsel is already performing these functions unhindered. *See Sajfr v. BBG Commc'ns, Inc.*, No. 10-cv-2341-H (NLS), 2011 WL 765884, at *2 (S.D. Cal. Feb. 25, 2011) (citation omitted).

As there is one unchallenged firm representing the putative class in this sole action, appointing interim counsel is unnecessary, and Plaintiffs' Motion should be denied.

### B. Plaintiffs' Motion is Premature and Counsel's Adequacy Cannot Be Determined at This Time.

Because appointing interim counsel is unnecessary, the Motion should be denied. But in any event, Plaintiffs' Motion is premature and also fails to establish adequacy of interim counsel.

Plaintiffs' Motion is premature because Uber should have the opportunity to take discovery on issues related to adequacy of representation. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978) (noting that discovery is used "to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions, and ***adequacy of representation***.") (emphasis added); *Long v. Hewlett-Packard, Co.*, No. C06-02816 JW HRL, 2006 WL 3751447, at *1 (N.D. Cal. Dec. 19, 2006) ("The court must permit discovery which will provide all the information that may be necessary in determining whether to certify a class.").

The issue of adequacy of counsel should be reserved until such time as Plaintiffs move for class certification and after Uber has had an opportunity to seek discovery on certification issues (and it reserves all of its rights to do so).

There is no reason to make any determinations of adequacy now, even in the context of appointment of interim counsel, where such determination is unnecessary and Uber has not had a chance to take such discovery. As just one example, unexplored issues of conflicts of interest could impact the Court's determination of adequacy of class counsel. *Doe v. A Corp.*, 709 F.2d 1043, 1047-48 (5th Cir. 1983); *Brame v. Ray Bills Fin. Corp.*, 85 F.R.D. 568, 577 (N.D.N.Y. 1979); *Sicinski v. Reliance Funding Corp*, 82 F.R.D. 730, 734 (S.D.N.Y. 1979).

-7-

Further, Plaintiffs have failed to make a showing that they are adequate to serve as interim counsel. Plaintiffs allege that the same standards applicable to choosing class counsel at the time of class certification apply in choosing interim class counsel. *See* Motion, Dkt. No. 73, at 8. Assuming, *arguendo*, that this is the correct test, a court must consider the following in appointing interim class counsel: (1) "the work counsel has done in identifying or investigating potential claims in the action"; (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action"; (3) "counsel's knowledge of the applicable law"; and (4) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). A court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Plaintiffs' assertion that "Proposed Interim Counsel has gained great knowledge concerning the contours of TCPA cases, including the discovery needed to prosecute such claims against large institutions, the process for determining class-wide damages, and the data needed to do so" and conclusory statement that Tycko & Zavareei LLP has the resources to represent the classes are unsupported claims. Motion, Dkt. No. 73, at 10. These claims alone are insufficient for the Court to make an adequacy determination. Further, as described above, Uber has not had the opportunity to test even these conclusory statements with discovery.

Thus, Plaintiffs' Motion should also be denied as premature.

### IV.    CONCLUSION

For the foregoing reasons, Uber asks this Court to deny Plaintiffs' Motion to appoint interim class counsel.

DATED: December 3, 2015

Respectfully submitted,
**PERKINS COIE LLP**

By: /s/ James G. Snell
    James G. Snell

Attorneys for Defendant
Uber Technologies, Inc.