Hassan A. Zavareei (SBN 181547)
hzavareei@tzlegal.com
**TYCKO & ZAVAREEI LLP**
1828 L Street, N.W., Suite 1000
Washington, DC 20036
Tel.: (202) 973-0900
Fax: (202) 973-0950

*Attorney for Plaintiffs*
*James Lathrop, Julie McKinney,*
*Jonathan Grindell, Sandeep Pal,*
*Jennifer Reilly, and Justin Bartolet*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAINTIFFS JAMES LATHROP, JULIE MCKINNEY, JONATHAN GRINDELL, SANDEEP PAL, JENNIFER REILLY, and JUSTIN BARTOLET on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.<br><br>Defendant. | Civil Action No. 14-cv-05678-JST<br><br>PLAINTIFFS' UPDATE TO SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANT'S MOTION TO STAY<br><br>Hearing Date: January 7, 2016<br>Time: 2:00 pm<br>Courtroom: 9 -19th Floor<br><br>Judge Jon S. Tigar |

Plaintiffs respectfully update the Court as to the Supplemental Authority (Dkt. 75) they previously provided for the Court's consideration in reaching its decision on Defendant's Motion to Stay ("Motion" or "Mot.") Dkt. 71.

In *Vergara v. Uber Technologies Inc.*, No. 1:15-CV-06942 (N.D. Ill.), Uber moved for a stay on nearly identical grounds as it has claimed in this case. On December 1, 2015, the court presiding over *Vergara*—the United States District Court for the Northern District of Illinois—denied Uber's motion for a stay. *See* Dkt. 75, Ex. C. Uber has since argued to this Court that, despite the *denial* of its motion, *Vergara* is "effectively stayed pending a ruling from the D.C. Circuit on the pending appeal of the FCC's Omnibus Order[.]" *See* Dkt. 76, at 2.

As the attached exhibits make clear, Uber is wrong. Following its denial of Uber's motion to stay, the *Vergara* court invited the parties to submit a proposed discovery plan. *See* Dkt. 76-2, at 15. The parties in *Vergara* filed that proposed discovery plan on December 13, 2015. *See* Exhibit A, attached hereto. At a hearing on the following day, December 14, 2105, the *Vergara* court adopted the proposed discovery plan with two limitations. *See* Exhibit B, attached hereto, Hearing Transcript. Specifically, the *Vergara* case is not stayed and parties in *Vergara* are conducting written discovery on the following issues:

- Information relating to the equipment and software Defendant [Uber] used to transmit verification text messages, including ATDS issues;
- Information relating to Defendant's [Uber's] contracts and relationships with third-parties involved in the transmission of Defendant's [Uber's] verification text messages; and
- Information relating to the telephone numbers to which Defendant [Uber] transmitted verification text messages and to which no verifying response was received, the dates Defendant [Uber] sent such text messages, and the names Defendant [Uber] associated with such telephone numbers.[1]

In addition to this written discovery, the parties in *Vergara* have agreed to oral discovery of no more than one 30(b)(6) deposition notice of Uber, as well as third-party discovery consistent with the topics identified above. *See* Exhibit A. Of note, at the December 14, 2015 hearing in *Vergara*, counsel for Uber stated that Uber "agreed to discovery on the issues of the ATDS, the issue of third-party providers, and policies and practices with respect to the sending of verification text messages" and admitted that "the ATDS issue is going to be relevant irrespective of the decision [of the D.C. Circuit in its review of the FCC's omnibus order]." Exhibit B, at 2-3.

Finally, the *Vergara* court rejected Uber's argument that a stay was warranted based on the Supreme Court's decision in *Spokeo, Inc. v Robins*, No. 13-1339, 2015 WL 1879778 (U.S. Apr. 27, 2015), an argument that Uber has also raised here. The *Vergara* court noted that, in addition to

---

[1] *See* Exhibits A and B, attached hereto.

1  *Spokeo*, "there's another case involving class certification that's up there, and there's a lot of cases
2  that may impact litigation around the country that are currently before the Supreme Court. So if any
3  of them come out and they have an effect, I'll see whatever you file." Exhibit B, at 14.  The
4  *Vergara* court set a discovery cut-off of October 28, 2016.  *Id.*
5       Plaintiffs respectfully request that the Court take notice of the decision (Dkt. 75, Exh. C),
6  transcript (Exh. B hereto), and discovery plan (Exh. A hereto) in *Vergara* in its consideration of
7  Uber's Motion to Stay.
8  Dated: December 16, 2015                    Respectfully submitted,

10                           /s/ Hassan A. Zavareei
                             Hassan A. Zavareei (SBN 181547)
11                           hzavareei@tzlegal.com
                             **TYCKO & ZAVAREEI LLP**
12                           1828 L Street, N.W., Suite 1000
                             Washington, DC 20036
13                           Tel.: (202) 973-0900
                             Fax: (202) 973-0950
14
15                           *Attorney for Plaintiffs*
                             *James Lathrop, Julie McKinney,*
16                           *Jonathan Grindell, Sandeep Pal,*
                             *Jennifer Reilly, and Justin Bartolet*

-4-

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on December 16, 2015, I caused the foregoing document to be filed electronically through the Court's CM/ECF System and served on all counsel of record.

/s/ Hassan A. Zavareei
Hassan A. Zavareei
*Attorney for Plaintiffs*