Hassan A. Zavareei (SBN 181547)
hzavareei@tzlegal.com
Andrea R. Gold (admitted pro hac vice)
agold@tzlegal.com
Andrew J. Silver (admitted pro hac vice)
asilver@tzlegal.com
**TYCKO & ZAVAREEI LLP**
1828 L Street, N.W., Suite 1000
Washington, DC 20036
Tel.: (202) 973-0900
Fax: (202) 973-0950

Kristen Law Sagafi (SBN 222249)
ksagafi@tzlegal.com
**TYCKO & ZAVAREEI LLP**
483 Ninth Street, Suite 200
Oakland, CA 94607
Tel.: (510) 907-7255
Fax: (202) 973-0950

*Attorneys for Plaintiffs James Lathrop, Julie McKinney, Jonathan Grindell, Sandeep Pal, Jennifer Reilly, and Justin Bartolet*

James G. Snell
jsnell@perkinscoie.com
**PERKINS COIE LLP**
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 838-4367
Facsimile: (650) 838-4350

Debra R. Bernard, ARDC No. 6191217
DBernard@perkinscoie.com
**PERKINS COIE LLP**
131 South Dearborn, Suite 1700
Chicago, Illinois 60603
Telephone: (312) 324-8559

*Attorneys for Defendant Uber Technologies, Inc.*

1

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

PLAINTIFFS JAMES LATHROP, JULIE MCKINNEY, JONATHAN GRINDELL, SANDEEP PAL, JENNIFER REILLY, and JUSTIN BARTOLET on behalf of themselves and all others similarly situated,

    Plaintiffs,

    v.

UBER TECHNOLOGIES, INC.

    Defendant.

Civil Action No. 14-cv-05678-JST

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION

The Honorable Jon S. Tigar

### 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

### 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and will cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

### 3. LIAISON

The parties shall identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.

Plaintiffs' liaison is Sydney Teng, Tycko & Zavareei LLP, 1828 L Street NW, Suite 1000, Washington, DC 20036.

Defendant's liaison is Jesse Murray, Uber Technologies, Inc., 1455 Market Street, San Francisco, CA 94103.

Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format,

collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4. PRESERVATION**

The preservation of potentially relevant ESI is reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received between December 31, 2010 and final judgment in this matter will be preserved;

b) The following types of ESI should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager":

Custodians of Defendant: Michael Kadin, Engineering Manager; Caleb Mingle, Senior Software Engineer; Charles-Axel Dein, Engineering Manager; Ying Zhang, Senior Software Engineer; and Frederique Dame, Tech Services Manager ("Uber's designated custodians").

Custodians of Plaintiffs: Plaintiffs James Lathrop, Julie McKinney, Jonathan Grindell, Sandeep Pal, Jennifer Reilly, and Justin Bartolet ("Plaintiffs' designated custodians").

The parties agree to add or remove custodians as reasonably necessary.

Sources for Uber:

Sources for each Custodian: all document management systems, computer archives, backup tapes or disks, hard drives, and/or electronic mail, or instant messaging.

Sources not attributable to a Custodian: servers, electronic document repositories, or any other electronic file storage media, relevant shared network folders or repositories which Uber identifies following a reasonable and diligent investigation as likely to contain responsive ESI.

Sources for Plaintiffs:

Sources for each Custodian: all document management systems, computer archives, backup tapes or disks, PDAs, smart phones, personal computers, hard drives, and/or electronic mail, instant messaging, or text messaging accounts.

c) The parties have agreed on the number of custodians per party for whom ESI will be preserved as set forth in paragraph (b) above;

d) These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be

preserved but not searched, reviewed, or produced: none known at this time;

e) The following sources need not be preserved: backup media created before December 31, 2010, digital voicemail, instant messaging, automatically saved versions of documents;

f) In addition to the agreements above, the parties agree that data from these sources (a) could contain relevant information but (b) under the proportionality factors, should not be preserved: none known at this time;

g) Nothing herein is intended to or does waive any objections based on burden or proportionality that the parties may have with respect to documents or information sought by specific requests.

## 5. SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, the parties will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. The parties have met and conferred in response to the Fed. R. Civ. P. 34 requests propounded to date in this case.  The parties have agreed on a list of search terms provided by counsel for Plaintiffs and attached to this Agreement as Exhibit A.   Defendant shall run the list of search terms against the Sources for each Uber designated custodian identified above in paragraph 4(b), as well as the Sources not attributable to an Uber designated custodian which Uber identifies following a reasonable and diligent investigation as likely to contain responsive ESI.

## 6. PRODUCTION FORMATS

The parties agree to produce documents in ☒ PDF, ☒TIFF, ☒native and/or ☐paper or a combination thereof (check all that apply)] file formats. If particular documents warrant a different format, the parties shall cooperate to arrange for the mutually acceptable production of such documents. The parties shall not degrade the searchability of documents as part of the document production process.

## 7. PHASING

The parties have propounded discovery requests pursuant to Fed. R. Civ. P. 34.  The parties agree to phase the production of ESI. The initial production will be from the following sources and custodians:

Custodians of Defendant: Michael Kadin, Engineering Manager; Caleb Mingle, Senior Software Engineer; Charles-Axel Dein, Engineering Manager; Ying Zhang, Senior Software Engineer; and Frederique Dame, Tech Services Manager.

Custodians of Plaintiffs: Plaintiffs James Lathrop, Julie McKinney, Jonathan Grindell, Sandeep Pal, Jennifer Reilly, and Justin Bartolet.

The parties agree to add or remove custodians as reasonably necessary.

Sources for Uber:

Sources for each Custodian: all document management systems, computer archives, backup tapes or disks, hard drives, and/or electronic mail, or instant messaging accounts.

Sources not attributable to a Custodian: servers, electronic document repositories, or any other electronic file storage media, relevant shared network folders or repositories which Uber identifies following a reasonable and diligent investigation as likely to contain responsive ESI.

Sources for Plaintiffs:

Sources for each Custodian: all document management systems, computer archives, backup tapes or disks, PDAs, smart phones, personal computers, hard drives, and/or electronic mail, instant messaging, or text messaging accounts.

**8. DOCUMENTS PROTECTED FROM DISCOVERY**

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) Communications involving trial counsel and in-house counsel managing this litigation that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

**9. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: December 18, 2015          /s/ Hassan A. Zavareei

Counsel for Plaintiffs

Dated: December 18, 2015          /s/ Debra Bernard

Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: December 22, 2015

IT IS SO ORDERED

Judge Jon S. Tigar