Debra Bernard (admitted *pro hac vice*)
DBernard@perkinscoie.com
PERKINS COIE LLP
131 South Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Tel: (312) 324-8400
Fax: (312) 324-9559

Attorneys for Defendant
Uber Technologies, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAINTIFFS JAMES LATHROP, SANDEEP PAL, JENNIFER REILLY, JUSTIN BARTOLET, and JONATHAN GRINDELL on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 14-cv-05678-JST<br><br>**UNOPPOSED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Judge Jon S. Tigar |

Pursuant to Civil Local Rules 79-5 and 7-11 and the Court's Standing Order Governing Administrative Motions to File Materials Under Seal, Defendant Uber Technologies, Inc. ("Uber"), by and through its counsel of record herein, hereby moves to file under seal the documents listed in the table below submitted by Uber and related to the parties' Joint Letter Brief regarding discovery matters (the "Letter Brief"). Plaintiffs do not oppose this motion and will be filing their own administrative motion to seal additional documents related to the Letter Brief.

**I.  LEGAL STANDARD**

In the Ninth Circuit, two different standards apply to motions to seal depending on whether the request is being made in connection with a dispositive motion or a non-dispositive

motion. The historic, "strong presumption of access to judicial records" fully applies to sealing requests for dispositive motions, and a party seeking to seal documents must establish "compelling reasons" to overcome that presumption. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). In the context of non-dispositive motions, "the usual presumption of the public's right of access is rebutted," because the "public has less of a need for access to court records attached only to non-dispositive motions," and the "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179-80 (citations omitted). Accordingly, non-dispositive motions and associated materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1180 (quoting *Foltz*, 331 F.3d at 1138).

In addition, the Civil Local Rules for the Northern District of California require that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law," *i.e.*, is "sealable." Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

## II. DISCUSSION

Uber has reviewed and complied with the Court's Standing Order Governing Administrative Motions to File Materials Under Seal and Local Rule 79-5 and identifies the "good cause" standard as applicable to the sealing requests discussed herein. The documents and portions of documents proposed to be filed under seal or redacted are as follows:

| Document Name | Portions to be Filed Under Seal or Redacted |
|---|---|
| Declaration of Michael McGoveran | Paragraphs 22, 24-28, 30, 32-40, 42-43, and 46-51 |
| Exhibit C to Declaration of Debra R. Bernard | Entire Document (29 pages) |

| Exhibit D to Declaration of Debra R. Bernard | Entire Document (34 pages) |
| --- | --- |
| Exhibit E to Declaration of Debra. R. Bernard | Paragraph 4, line 3 (3 words) |

Exhibits C and D have been designated by Uber as Highly Confidential under the Stipulated Protective Order. *See* Dkt. 53.

This Court granted Uber's Administrative Motion to Seal similar information in connection with the parties' December 23, 2015 Joint Letter Brief regarding discovery issues. *See* Dkt. No. 108.

Pursuant to Civil Local Rule 79-5(d)(1)(A) and the Court's Standing Order Governing Administrative Motions to File Materials Under Seal, filed herewith is the Declaration of Debra Bernard in Support of Unopposed Administrative Motion to File Documents Under Seal ("Bernard Decl.").

Pursuant to Civil Local Rule 79-5(d)(1)(B), filed with this Joint Motion is a proposed order that is narrowly tailored to seal only the sealable material contained in these documents, which lists in table format each document or portion thereof sought to be sealed.

### III. CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court issue an order authorizing the sealing of the documents or portions of documents listed in the table above.

DATED: February 8, 2016

Respectfully submitted,

**PERKINS COIE LLP**

By: /s/ Debra Bernard
    Debra Bernard

Attorney for Defendant
Uber Technologies, Inc.