Hassan A. Zavareei (SBN 181547)
hzavareei@tzlegal.com
Andrea R. Gold (admitted pro hac vice)
agold@tzlegal.com
Andrew J. Silver (admitted pro hac vice)
asilver@tzlegal.com
**TYCKO & ZAVAREEI LLP**
1828 L Street, N.W., Suite 1000
Washington, DC 20036
Tel.: (202) 973-0900
Fax: (202) 973-0950

Kristen Law Sagafi (SBN 222249)
ksagafi@tzlegal.com
**TYCKO & ZAVAREEI LLP**
483 Ninth Street, Suite 200
Oakland, CA 94607
Tel.: (510) 907-7255
Fax: (202) 973-0950

*Attorneys for Plaintiffs James Lathrop,
Jonathan Grindell, Sandeep Pal,
Jennifer Reilly, and Justin Bartolet*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LATHROP, JONATHAN GRINDELL, SANDEEP PAL, JENNIFER REILLY, and JUSTIN BARTOLET on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No.: 14-cv-05678-JST<br><br>Honorable Jon S. Tigar<br><br>**UNOPPOSED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

Pursuant to Civil Local Rules 79-5 and 7-11 and the Court's Standing Order Governing Administrative Motions to File Materials Under Seal, Plaintiffs James Lathrop, Jonathan Grindell, Sandeep Pal, Jennifer Reilly, and Justin Bartolet, by and through their counsel of record herein, hereby move to file under seal the documents listed in the table below submitted by Plaintiffs and

related to the parties' Joint Letter Brief regarding discovery matters (the "Letter Brief"), to be filed immediately after this administrative motion is filed. Defendant consents to the filing of this motion.

**LEGAL STANDARD**

This Court recently set forth the legal standard that applies to requests to seal documents or portions of documents:

> A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).
>
> With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).
>
> With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. When a party seeks to file materials in connection with a dispositive motion, the presumption can be overcome only if the party presents "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (internal citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* at 1179. When a party seeks to file previously sealed discovery materials in connection with a non-dispositive motion, the sealing party need not meet the 'compelling reasons' standard "because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* (citation and internal quotations omitted). In that case, a party need only make a "particularized showing under the good cause standard of Rule 26(c)" to justify the sealing of the materials. *Id.* at 1180 (internal citation and internal quotation marks omitted). A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).
>
> A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2374 (2012).

Dkt. 108, at 2-3.

**DISCUSSION**

Plaintiffs have reviewed and compiled with the Court's Standing Order Governing Administrative Motions to File Materials Under Seal and Local Rule 79-5 and identifies the "good cause" standard as applicable to the sealing requests discussed herein. The documents and portions of documents proposed to be filed under seal or redacted are as follows:

| Document Name | Portions to be Filed Under Seal or Redacted |
|---|---|
| Joint Letter Brief | Entire document |
| The Declaration of Randall A. Snyder ("Snyder Declaration") (Exhibit 1 to Plaintiffs' Section of the Joint Letter Brief) | Paragraphs 3, 26, 27, 31-35, and 37-40 |
| Exhibit B to the Snyder Declaration | Entire document |
| Exhibit C to the Snyder Declaration | Entire document |
| The Declaration of Arthur Olsen (Exhibit 2 to Plaintiffs' Section of the Joint Letter Brief) | Paragraphs 3, 14, 18-39, 41-43, and 45 |
| Excerpts of the deposition transcript of Michael Kadin (Exhibit 3 to Plaintiffs' Section of the Joint Letter Brief) | Entire document |
| Exhibit 4 to Plaintiffs' portion of the Joint Letter Brief | Entire document |
| The Supplemental Declaration of Arthur Olsen ("Supplemental Olsen Declaration") (Exhibit 5 to Plaintiffs' Section of the Joint Letter Brief) | Paragraphs 5-13, 16-20, and 22-24 |

Each of these documents or portions of documents have either (1) been designated by Defendant Uber Technologies, Inc. ("Uber") as Confidential or Highly Confidential under the Stipulated Protective Order (Dkt. 53) or (2) make reference to documents and/or information so designated by Uber.

Pursuant to Civil Local Rule 79-5(d)(1)(A) and the Court's Standing Order Governing Administrative Motions to File Materials Under Seal, filed herewith is the Declaration of Andrew

Silver in Support of Unopposed Administrative Motion to File Documents Under Seal ("Silver Decl." or "Silver Declaration"). Plaintiffs have attached to the Silver Declaration proposed redacted versions of documents sought to be filed under seal, but pursuant to Local Rule 79-5(d)(1)(C), redacted versions of documents which Plaintiffs seek to seal in their entirety are not attached.

Pursuant to Civil Local Rule 79-5(d)(1)(B), filed with this unopposed motion is a proposed order that is narrowly tailored to seal only the sealable material contained in these documents, which lists in table format each document or portion thereof sought to be sealed. Although Plaintiffs seek the file these materials under seal pursuant to Uber's confidentiality designations, Plaintiffs do not concede their confidentiality and reserve the right to later challenge these designations.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order authorizing the sealing of the documents or portions of documents listed in the table above.

DATED: February 8, 2016          TYCKO AND ZAVAREEI LLP

By     */s/ Hassan A. Zavareei*
      Hassan A. Zavareei (SBN 181547)
      hzavareei@tzlegal.com
      Andrea R. Gold (admitted pro hac vice)
      agold@tzlegal.com
      Andrew J. Silver (admitted pro hac vice)
      asilver@tzlegal.com
      **TYCKO & ZAVAREEI LLP**
      1828 L Street, N.W., Suite 1000
      Washington, DC 20036
      Tel.: (202) 973-0900
      Fax: (202) 973-0950

      Kristen Law Sagafi (SBN 222249)
      ksagafi@tzlegal.com
      **TYCKO & ZAVAREEI LLP**
      483 Ninth Street, Suite 200
      Oakland, CA 94607
      Tel.: (510) 907-7255
      Fax: (202) 973-0950

      Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Hassan Zavareei, hereby certify that on February 8, 2016, the foregoing document was filed via the Court's CM/ECF system, thereby causing a true and correct copy to be served on all counsel of record.

DATED: February 8, 2016                TYCKO AND ZAVAREEI LLP

                                       By   */s/ Hassan A. Zavareei*
                                            Hassan A. Zavareei

                                       Attorney for Plaintiffs