UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LATHROP, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 14-cv-05678-JST<br><br>**ORDER REGARDING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: ECF Nos. 127, 129 |

Both parties bring administrative motions to file under seal documents related to the parties' Joint Letter Brief. ECF Nos. 127, 129. Uber has filed declarations in support of sealing. ECF Nos. 127-1, 131. For the reasons stated below, the Court will grant in part and deny in part both motions.

**I.    LEGAL STANDARD**

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citation and quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. "[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 n.7 (1978)). To overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d at 1178–79 (internal citations omitted).

On the other hand, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). Instead, a party need only make a showing under the good cause standard of Rule 26(c) to justify the sealing of the materials. Id. at 1097. A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 132 S. Ct. 2374 (2012).

**II.   DISCUSSION**

Here, as the parties seek to file under seal documents connected with a discovery letter brief, the Court will apply the "good cause" standard. See Ctr. for Auto Safety, 809 F.3d at 1097 ("Applying the good cause standard from Rule 26(c) as an exception for discovery-related motions makes sense, as the private interests of litigants are 'the only weights on the scale.'" (quoting Kamakana, 447 F.3d at 1180)).

/ / /

/ / /

/ / /

/ / /

Uber's Motion at ECF No. 127

Uber moves to file under seal the following documents and portions of documents:

| Document Name | Portions Sought to be Filed Under Seal or Redacted | Court's Ruling |
|---|---|---|
| Decl. of Michael McGoveran | ¶¶ 22, 24-28, 30, 32-40, 42–43, and 46–51 | ¶¶ 22, 24-26, 28, 30, 32–40, 43, and 46–51 |
| Ex. C to Bernard Decl. | Entire document | Entire document |
| Ex. D to Bernard Decl. | Entire document | Entire document |
| Ex. E to Bernard Decl. | Paragraph 4, line 3 | Paragraph 4, line 3 |

The paragraphs Uber seeks to redact from the McGoveran declaration "describe or make statements derived from Uber's methodology for writing log files, as well as the content, organization, volume, and storage location of those files." ECF No. 127-1, Bernard Decl. ¶ 3. The paragraphs also describe Uber's source code. Except for paragraphs 27 and 42, the Court agrees that the information constitute proprietary information "that Uber maintains as a trade secret." Id. ¶¶ 3–4. Uber has met its burden to show that this information should be redacted. However, paragraph 27 describes information unrelated to Uber's trade secret and paragraph 42 only gives a generalized description of the impracticality of one step in the discovery process and should not be redacted.

Exhibit C to the Bernard Declaration is a contract between Uber and Twilio. Uber states that the contract discloses confidential information with respect to the terms under which Uber conducts its business. Id. ¶ 8. Good cause exists to seal Exhibit C because revealing the terms of Exhibit C could cause harm to Uber and Twilio's competitive position. Id. ¶ 9.

Exhibit D to the Bernard Declaration contains experts from the 30(b)(6) deposition of Michael Kadin, which took place on January 25, 2016. The transcript refers to Uber's source code and logging techniques, which Uber maintains as a trade secret. Id. ¶ 5.

Exhibit E to the Bernard Declaration is a letter that Uber's counsel sent to Plaintiffs' counsel. Line 3 of the fourth paragraph lists the internal code names for Uber's software and systems. Uber maintains this information as a trade secret. Id. ¶ 6.

Other than the proposed redactions to paragraphs 27 and 42 of the McGoveran Declaration, the Court finds that Uber has established "good cause" to justify sealing the confidential business

3

1    information. The Court has viewed the documents and the redacted information and finds that
2    Uber has met its burden to show that the requested information should be sealed. The Court also
3    finds that the instant motion is narrowly tailored to seal only sealable information, as Local Rule
4    79-5 requires.

The Court will not consider those portions of the McGoveran Declaration that are unsealable unless Uber files the document in the public record without the redactions the Court has rejected, in conformance with this Order, within seven days from the date of this Order.

### A.     Plaintiffs' Motion at ECF No. 129

Plaintiffs move to file under seal the following documents and portions of documents:

| Document Name | Portions Sought to be Filed Under Seal or Redacted | Court's Ruling |
|---|---|---|
| Joint Letter Brief | Entire document[1] | As redacted in Ex. A to the Bernard Decl. at ECF No. 131 |
| Decl. of Randall A. Snyder | ¶¶ 3, 26, 27, 31–35, and 37–40 | ¶¶ 31–35, and 37–40 |
| Exhibit B to the Snyder Decl. | Entire document | Entire document |
| Exhibit C to the Snyder Decl. | Entire document | Entire document |
| Decl. of Arthur Olsen | ¶¶ 3, 14, 18-39, 41-43, and 45 | ¶¶ 3, 14, 18-39, 41-43, and 45 |
| Ex. 3 to the Joint Letter Brief | Entire document | Entire document |
| Ex. 4 to the Joint Letter Brief | Entire document | Entire document |
| Supp. Decl. of Arthur Olsen | ¶¶ 5–13, 16–20, and 22–24 | ¶¶ 5–13, 16–20, and 22–24 |

Plaintiffs seek to file the aforementioned documents under seal because the documents "contain information designated as confidential or highly confidential by [Uber]." ECF No. 129-1, Silver Decl. ¶ 2. Uber, as the designating party, filed a declaration to establish that the designated material is sealable. See ECF No. 131, Bernard Decl.; see also Civil L.R. 79-5(e)(1).

Uber seeks to redact portions of the Joint Letter Brief that refers to the confidential information Uber maintains as a trade secret. "The redacted information also describes or makes statements derived from Uber's methodology for writing log files, as well as the content, organization, volume, and storage location of those files." ECF No. 131, Bernard Decl. ¶ 2. Uber asserts that "[r]evelation of how Uber's systems operate or Uber's analysis and description of this operation in a public court filing could have an effect on the trade secret nature of Uber's systems

---

[1] Rather than seal the entire document, Uber proposes to redact several paragraphs from the Joint Letter Brief. See ECF No. 131, Bernard Decl. ¶ 2; Ex. A.

4

and could cause significant harm to Uber's competitive and financial position within its industry." Id. ¶ 3. The Court agrees that as to the sections Uber has identified in the Joint Letter Brief, Uber's interest in confidentiality outweighs the public's interest in disclosure and good cause exists to redact the sections from the public record.

Uber also seeks to redact paragraphs 3, 26, 27, 31-35, and 37-40 of the Snyder Declaration because they discuss "specific, technical, confidential information about records maintained by Twilio and the systems used by Uber and Twilio to conduct business pursuant to the contract between them." Id. ¶ 4. These paragraphs reference the Kadin Declaration, Kadin Transcript, and other materials Uber designated as confidential. The Court does not find that good cause exists to redact paragraph 3, as it only references the documents Snyder relied upon in forming his opinions; paragraph 26, as it only generally identifies the format of Twilio's message records; and paragraph 27, because it only redacts the reference to an exhibit number.

Exhibit B to the Snyder Declaration contains text message records Uber has produced for the Plaintiffs using Twilio's database. Because Uber's contract with Twilio "requires Uber to use commercially reasonable efforts to protect Twilio's confidential information," Uber argues that good cause exists to seal Exhibit B. Id. ¶ 5.

Exhibit C to the Snyder Declaration contains excerpts of the Kadin Transcript, which discusses "specific, technical, confidential information about records maintained by Twilio and the systems used by Uber and Twilio." Id. ¶ 6.

The Court finds that good cause exists to redact paragraphs 31-35 and 37-40 of the Snyder Declaration and to seal Exhibit B and C because revelation of this information could cause harm to Uber's "competitive and financial" position. See id. ¶ 7.

Paragraphs 3, 14, 18-39, 41-43, and 45 of the Olsen Declaration and paragraphs 5-13, 16-20, and 22-24 of the Supplemental Olsen Declaration make reference to the Kadin Declaration, the Kadin Transcript, and other materials designated as confidential by Uber in discovery. The paragraphs describe or make statements derived from Uber's methodology for writing log files, as well as other information on the content, organization, volume, and storage location of the files. Uber states that the information is "central to the operation of Uber's business" and is maintained

as a trade secret. Id. ¶ 8. Because revelation of this information would affect the trade secret nature of this information, good cause exists to redact these paragraphs.

Exhibit 3 to the Joint Letter Brief contains excerpts of the deposition transcript of Michael Kadin, who describes Uber's methodology for writing text files and other descriptions about these files. As stated above, this is information that Uber maintains as a trade secret revelation of which could competitively and financially harm Uber. Good cause exists to file Exhibit 3 under seal.

Exhibit 4 is a copy of a publicly available document. Uber states, and the Court agrees, that good cause does not exist to seal this exhibit.

The Court will not consider those portions of the Snyder Declaration that are unsealable and Exhibit 4 to the Joint Letter Brief unless Plaintiffs file the documents in the public record without the redactions the Court has rejected, in conformance with this Order, within seven days from the date of this Order.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Uber's administrative motion to file under seal and grants in part and denies in part Plaintiffs' administrative motion to file under seal.

IT IS SO ORDERED.

Dated: February 18, 2016

_____
JON S. TIGAR
United States District Judge