Hassan A. Zavareei (SBN 181547)
hzavareei@tzlegal.com
Andrea R. Gold (admitted pro hac vice)
agold@tzlegal.com
Andrew J. Silver (admitted pro hac vice)
asilver@tzlegal.com
**TYCKO & ZAVAREEI LLP**
1828 L Street, N.W., Suite 1000
Washington, DC 20036
Tel.: (202) 973-0900
Fax: (202) 973-0950

Kristen Law Sagafi (SBN 222249)
ksagafi@tzlegal.com
**TYCKO & ZAVAREEI LLP**
483 Ninth Street, Suite 200
Oakland, CA 94607
Tel.: (510) 907-7255
Fax: (202) 973-0950

*Attorneys for Plaintiffs James Lathrop,*
*Jonathan Grindell, Sandeep Pal,*
*Jennifer Reilly, and Justin Bartolet*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LATHROP, JONATHAN GRINDELL, SANDEEP PAL, JENNIFER REILLY, and JUSTIN BARTOLET on behalf of themselves and all others similarly situated, | Civil Action No.: 14-cv-05678-JST<br><br>Honorable Jon S. Tigar |
| Plaintiffs, | **PLAINTIFFS' MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 146] AND TO AMEND THE SCHEDULING ORDER** |
| v. | |
| UBER TECHNOLOGIES, INC., | |
| Defendant. | |

Pursuant to Civil Local Rule 6-3, Plaintiffs James Lathrop, Jonathan Grindell, Sandeep Pal, Jennifer Reilly, and Justin Bartolet ("Plaintiffs") move the Court for an extension of time to respond to Defendant's Motion for Summary Judgment to May 25, 2016 (Dkt. No. 146), and to amend the scheduling order by extending all currently operative deadlines in this case (Dkt. No. 122) by 60 days.  As set forth in the accompanying declaration of Hassan A. Zavareei ("Zavareei Decl."), Plaintiffs met and conferred with counsel for Defendant Uber Technologies, Inc. ("Defendant" or "Uber") regarding this request, and Uber does not stipulate to the relief sought.

**LEGAL STANDARD**

"Under Civil Local Rule 6-3, a party filing a motion to enlarge time, must address (1) with particularity, the reasons for the enlargement; (2) any efforts the party has made to obtain a stipulation; (3) the substantial harm or prejudice if the Court does not enlarge time; (4) any previous time modifications; and (5) the effect the enlargement would have on the case's schedule."  *E.g.*, *Krzyzanowsky v. Orkin Exterminating Co.*, No. C 07-05362 SBA, 2008 WL 4648338, at *2 (N.D. Cal. Oct. 20, 2008); *see also* Civil Local Rule 6-3.

**DISCUSSION**

Currently, Plaintiffs' response to Uber's Motion for Summary Judgment is due on May 2, 2016.  There are several reasons for which Plaintiffs seek a modest, 23-day extension of the deadline to May 25, 2016.  ***First***, Uber filed its Motion for Summary Judgment on April 18, 2016 (Dkt. No. 146), in the midst of fact discovery and prior to the commencement of expert discovery.  Uber did this in spite of the fact that the operative scheduling order in this matter explicitly contemplated that summary judgment motions would not be filed in this matter until 60 days *after* the court's order on class certification.  (Dkt. No. 122 at 3).  The Court recognized this fact in its order granting Uber's modified request to file additional pages in its summary judgment briefing.  (Dkt. No. 145, at 1) ("[T]he parties should infer from the Court's having set the dispositive motion deadline '60 days after the order on class certification' that the Court expects to consider any motions for summary judgment after it has resolved the question of class certification. Therefore, the earlier filing of a motion for summary judgment may not automatically result in its earlier consideration.").

1   Therefore, although there is nothing that technically prevented Uber from filing its Motion, and Uber

2   had previously indicated that it might do so, Plaintiffs have been attempting to litigate this case in

3   accordance with the operative scheduling order, which did not contemplate the need for them to have

4   to respond to a potentially case-dispositive motion at this early juncture.

5         *Next*, a modest extension is also appropriate because Uber's summary judgment motion is a

6   long brief—in excess of the normal page limits—that raises several unique factual and legal issues.

7   Even absent the present circumstance where Plaintiffs have been confronted with a summary

8   judgment motion in the middle of fact discovery, it would be proper to grant an extension of time to

9   respond to a potentially case-dispositive motion such as this one.[1]  Indeed, the operative scheduling

10  order contemplates the very sort of extension of time to respond to a significant brief that Plaintiffs

11  request here.  That order provides Uber with 35 days by which to respond to Plaintiffs motion for

12  class certification.  (Dkt. No. 122 at 2).  Plaintiffs request to extend the deadline to respond to Uber's

13  Motion for Summary Judgment to May 25, 2016, contemplates a nearly identical (37-day) timeframe

14  for a response to this similarly significant motion.

15        *Finally*, and as alluded to above, an extension of time is appropriate in light of the fact that

16  discovery in this case is still very much proceeding.  As Plaintiffs recently informed the Court,

17  significant critical discovery remains outstanding in this case, including a discovery dispute first

18  raised before this Court that will be soon taken back to Judge Westmore, who ordered the parties to

19  first further meet-and-confer on the dispute.  (Dkt. No. 142 at 2-4; *see also* Dkt. No. 139).  Further,

20  Plaintiffs served additional discovery requests on Uber just this week based on information learned

21  in depositions taken earlier this month.  Zavareei Decl., Ex. B, Plaintiffs' Fifth Request for the

22  Production of Documents and Plaintiffs' Sixth Set of Interrogatories.  Although not all of the

23  outstanding discovery will bear on Plaintiffs' response to Uber's Motion for Summary Judgment,

24  much of it will.  Whether Uber complies with its discovery obligations in the coming weeks will

25

26  [1] Counsel for Uber did not serve Plaintiffs with copies of the materials that were filed under seal in
27  connection with their summary judgment motion until a full day after Uber filed its motion with the
    Court.  Zavareei Decl., Ex. A, Apr. 19, 2016 email from J. Dickson attaching documents filed under
28  seal.

1  have an impact on Plaintiffs' response to Uber's Motion for Summary Judgment and whether or not

2  Plaintiffs will oppose it (entirely or in part) on Fed. R. Civ. P. 56(d) grounds.

3       Plaintiffs also request that the court extend all operative deadlines in this matter by 60 days.

4  Although this extension was partially necessitated by Uber's Motion for Summary Judgment—as

5  responding to that motion will necessarily slow Plaintiffs' discovery efforts—an extension is also

6  appropriate in light of the status of discovery in this case.  As discussed in the preceding paragraph

7  and in briefing to the Court last week (Dkt. No. 142 at 2-4), there is significant additional discovery

8  that Plaintiffs need to complete prior to filing an expert report and their motion for class certification

9  (in addition to, of course, responding to Uber's Motion for Summary Judgment).  Although the

10  amount of time Plaintiffs will need to complete discovery is partially dependent on both whether

11  Uber complies with its discovery obligations and the resolution of any discovery disputes by Judge

12  Westmore, Plaintiffs are hopeful that 60 days will be sufficient.

13       Plaintiffs attempted to enter into a stipulation with Uber to extend the schedule in this case.

14  On April 20, 2016—less than one day after Uber belatedly served the documents that it filed under

15  seal on Plaintiffs, Zavareei Decl., Ex. A—counsel for Plaintiffs asked that Uber stipulate to extend

16  the deadlines in the same manner Plaintiffs now seek in this Motion.  Zavareei Decl., Ex. C, Apr. 20-

17  22 correspondence between counsel for Plaintiffs and counsel for Defendant.  Uber did not provide

18  its consent to a stipulation.  *Id.*

19       Plaintiffs would experience substantial harm and/or prejudice if the Court does not grant this

20  request.  Uber's Motion for Summary Judgment is potentially case dispositive.  Uber filed its motion

21  at a moment in time not contemplated by the scheduling order in this case, during fact discovery and

22  prior to expert discovery.  Moreover, Uber's motion is a lengthy one— in excess of the normal page

23  limits—which contains complex legal and factual arguments that would warrant additional time for a

24  response even if the motion was not filed at this moment in the case.  If Plaintiffs are not granted an

25  extension of time, their ability to mount a robust opposition to all of the issues raised in Uber's

26  motion will be significantly compromised.  Of course, the prejudice that Plaintiffs will suffer if the

27  Court grants summary judgment in whole or in part to Uber is self-evident.

28

This Court has twice before modified the scheduling order in this case, by stipulation of the parties.  (Dkt. Nos. 66 and 122.)  Plaintiffs' requested modifications will impact the current deadlines as follows:

| Activity | Current Deadline | Requested Deadline |
|---|---|---|
| Plaintiffs' response to Defendant's Motion for summary judgment | May 2, 2016 | May 25, 2016 |
| Defendant's reply in support of Motion for summary judgment | May 9, 2016 | June 1, 2016 |
| Hearing on Defendant's Motion for summary judgment | June 9, 2016, at 2:00 p.m. | June 30, 2016, at 2:00 p.m.[2] |
| Further telephonic case management conference[3] | July 15, 2016, at 2:00 p.m. | July 15, 2016, at 2:00 p.m. |
| Plaintiffs' expert designation | May 20, 2016 | July 19, 2016 |
| Defendant's expert designation | June 20, 2016 | August 18, 2016 |
| Plaintiffs' Motion for class certification | August 19, 2016 | October 17, 2016 |
| Defendant's opposition to Motion for class certification | September 23, 2016 | November 21, 2016 |
| Plaintiffs' reply to Motion for class certification | October 4, 2016 | December 2, 2016 |
| Further case management conference | December 2016 (Date and Time TBD) | February 2017 (Date and Time TBD) |
| Deadline to file dispositive motions | 60 days after the order on class certification | 60 days after the order on class certification |

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order extending the time for Plaintiffs to respond to Uber's Motion for Summary Judgment to May 25, 2016, and amending the scheduling order by extending all currently operative deadlines in this case by 60 days.

---

[2] This proposed date tracks the date initially scheduled for the hearing on Uber's Motion for Summary Judgment, but Plaintiffs understand that the Court may order that this hearing take place at its convenience.

[3] The Court scheduled this telephonic conference separately from the most recent scheduling order (Dkt. No. 144); therefore, Plaintiffs do not seek to alter that date.

DATED: April 22, 2016        TYCKO AND ZAVAREEI LLP

By____*/s/ Hassan A. Zavareei*_____
    Hassan A. Zavareei (SBN 181547)
    hzavareei@tzlegal.com
    Andrea R. Gold (admitted pro hac vice)
    agold@tzlegal.com
    Andrew J. Silver (admitted pro hac vice)
    asilver@tzlegal.com
    **TYCKO & ZAVAREEI LLP**
    1828 L Street, N.W., Suite 1000
    Washington, DC 20036
    Tel.: (202) 973-0900
    Fax: (202) 973-0950

    Kristen Law Sagafi (SBN 222249)
    ksagafi@tzlegal.com
    **TYCKO & ZAVAREEI LLP**
    483 Ninth Street, Suite 200
    Oakland, CA 94607
    Tel.: (510) 907-7255
    Fax: (202) 973-0950

    Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, Hassan Zavareei, hereby certify that on April 22, 2016, the foregoing document was filed via the Court's CM/ECF system, thereby causing a true and correct copy to be served on all counsel of record.

DATED: April 22, 2016        TYCKO AND ZAVAREEI LLP

By____*/s/ Hassan A. Zavareei*_____
    Hassan A. Zavareei

    Attorney for Plaintifff