UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LATHROP, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 14-cv-05678-JST<br><br>**ORDER REGARDING DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: ECF No. 149 |

Defendant Uber Technologies, Inc. moves to file under seal portions of Exhibits A, D, E, and F to the Declaration of Sarah J Crooks in Support of Uber's Motion for Summary Judgment ("Crooks Declaration"); the entirety of Exhibits G, I, and J to the Crooks Declaration; and portions of the Declaration of Kevin Roth ("Roth Declaration"). ECF No. 149. The Court previously granted Uber's motion as to Exhibits A, I, and J to the Crooks Declaration and portions of the Roth Declaration. ECF No. 154. Plaintiffs have now filed a declaration in support of sealing. See ECF No. 155. The Court will grant in part and deny in part the motion as to Exhibits D–G to the Crooks Declaration.

**I.    LEGAL STANDARD**

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citation and quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing

only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. "[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 n.7 (1978)). To overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d at 1178–79 (internal citations omitted).[1]

"'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon, 435 U.S. at 598. The Nixon court also noted that the "common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing." 435 U.S. at 598.

The Ninth Circuit, in an unpublished opinion, has identified a trade secret in this context as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." In re Elec. Arts, Inc., 298 F. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts §

---

[1] Records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). Instead, a party need only make a showing under the good cause standard of Rule 26(c) to justify the sealing of the materials. Id. at 1097. A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

1   757, cmt. b). In that case, applying <u>Kamakana</u> and <u>Nixon</u>, the Ninth Circuit reversed a district
2   court for refusing to seal information that qualified under this standard. <u>In re Elec. Arts, Inc.</u>, 298
3   Fed. App'x. at 569. The Federal Circuit has similarly concluded that under Ninth Circuit law,
4   detailed product-specific financial information, customer information, and internal reports are
5   appropriately sealable under the "compelling reasons" standard where that information could be
6   used to the company's competitive disadvantage. <u>Apple Inc. v. Samsung Elecs. Co.</u>, 727 F.3d
7   1214, 1226, 1228 (Fed. Cir. 2013).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." <u>Apple Inc. v. Psystar Corp.</u>, 658 F.3d 1150, 1162 (9th Cir. 2011).

## II. DISCUSSION

The present motion to file under seal concerns documents associated with Defendant Uber's Motion for Summary Judgment. Under the test most recently articulated by <u>Center for Auto Safety v. Chrysler Group</u>, 809 F.3d 1092 (9th Cir. 2016), a motion for summary judgment involves issues that are more than "tangentially related to the merits of the case," thereby requiring the Court to apply the compelling reasons standard.

Uber seeks to seal portions of Exhibits D–G as Plaintiffs have designated the transcripts as confidential. <u>See</u> ECF No. 149.

| Document Name | Description and Requested Redaction | Court's Ruling |
|---|---|---|
| Crooks Decl., Ex. D | Excerpts of the deposition of Plaintiff Jennifer Reilly: Tr. at 10:1-11:25, 32:1-25 | Denied. |
| Crooks Decl., Ex. E | Excerpts of the deposition of Plaintiff James Lathrop: Tr. at 76:1-77:25 | Granted. |
| Crooks Decl., Ex. F | Excerpts of the deposition of Plaintiff Jonathan Grindell: Tr. at 66:1-25 | Granted. |
| Crooks Decl., Ex. G | Excerpts of the deposition of Plaintiff Justin Bartolet: Entire document | Granted as to Tr. 112:1–25. |

Exhibit D to the Crooks Declaration contains excerpts of the deposition transcript of Plaintiff Jennifer Reilly. Plaintiffs contend that this portion of Exhibit D need not be sealed. ECF

3

No. 155, Silver Decl. ¶ 3.  The Court accordingly denies the motion to file under seal as to Exhibit D.

Exhibit E to the Crooks Declaration contains excerpts of the deposition transcript of Plaintiff James Lathrop.  The transcript at 76:1–77:25 contain sensitive information belonging to Mr. Lathrop, including his license plate number and driver's license number.  Plaintiffs argue that "[i]f revealed, this information could be used for improper purposes."  Silver Decl. ¶ 4.  Compelling reasons exist to seal this portion of Exhibit E.  The requested sealing is also narrowly tailored.

Exhibit F to the Crooks Declaration contains excerpts of the deposition transcript of Plaintiff Jonathan Grindell.  The transcript at 66:1–25 contains sensitive information belonging to Mr. Grindell, including his driver's license number and a portion of his social security number.  Plaintiffs argue that "[i]f revealed, this information could be used for improper purposes."  Silver Decl. ¶ 5.  Compelling reasons exist to seal this portion of Exhibit F.  The requested sealing is also narrowly tailored.

Exhibit G to the Crooks Declaration contains excerpts of the deposition transcript of Plaintiff Justin Bartolet.  Uber filed Exhibit G under seal in its entirety, but Plaintiffs have since designated only page 112 of the transcript as "Confidential."  Silver Decl. ¶ 6.  The transcript at 112:1–25 contains sensitive, private information belonging to Mr. Bartolet, such as his driver's license number.  Plaintiffs argue that "[i]f revealed, this information could be used for improper purposes."  Id.  Compelling reasons exist to seal page 112.  As Plaintiffs do not seek to seal the remainder of the transcript, the request is also narrowly tailored.

The Court has viewed the documents and redacted information and finds that Plaintiffs have identified compelling reasons to justify sealing portions of Exhibits E, F, and G to the Crooks Declaration.  Plaintiffs also narrowly tailored to seal only sealable information, as Local Rule 79-5 requires.

### III.   CONCLUSION

The Court grants in part and denies in part the administrative motions to file under seal at ECF No. 149.  "[T]he document[s] filed under seal will remain under seal and the public will have

access only to the redacted version, if any, accompanying the motion." Civil L. R. 79-5(f)(1). The Court will not consider those portions of the documents that are unsealable unless the filing party files the document in the public record without the redactions the Court has rejected, in conformance with this Order, within seven days from the date of this Order.

The hearing date and briefing schedule on the underlying motion for summary judgment shall remain as originally set.

IT IS SO ORDERED.

Dated: May 6, 2016

_____
JON S. TIGAR
United States District Judge