UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LATHROP, et al.,<br><br>           Plaintiffs,<br><br>      v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>           Defendant. | Case No.  14-cv-05678-JST<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO DEFER COURT'S CONSIDERATION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF No. 172 |

This is a putative class action against Uber for alleged violations of the Telephone Consumer Protection Act. ECF No. 54 (Second Amended Complaint). Uber filed an early motion for summary judgment. ECF No. 146. Plaintiffs responded by filing a motion requesting the Court defer consideration of Uber's motion for summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. ECF No. 172. The Court will grant Plaintiffs' motion to defer consideration of Uber's motion for summary judgment.

**I.     BACKGROUND**

This is a putative class action alleging that Uber's practice of sending text messages to recruit drivers violates the Telephone Consumer Protection Act ("TCPA"). ECF No. 54 ¶ 1. Plaintiffs allege that they received automated texts from Uber without having expressly consented to receive them. Id. ¶¶ 32, 48, 61, 75, 88, 98.

Uber, a Delaware corporation with its principal place of business in San Francisco, "is a nationwide passenger transportation service that connects riders and drivers through a cellular telephone application." Id. ¶¶ 5, 22. Uber riders use the application to "request and pay for on-demand car services," while Uber drivers "receive requests from Uber users via the" application and "use their own cars to provide the car services . . . ." Id. ¶¶ 6, 7. According to Plaintiffs, "Uber's recruiting tactics include sending prolific text messages to prospective Uber drivers."

Id. ¶ 10.

The Complaint is filed on behalf of five named Plaintiffs, bringing claims on behalf of themselves and two putative nationwide classes. Id. ¶¶ 16–21, 100–110. Plaintiffs define Class A as:

> All persons domiciled within the United States who, within the last four years, received a non-emergency text message on their cellular telephone from Uber, without their prior express consent, via an ATDS, and prior to receiving the text message had not provided Uber with the cellular telephone number at which they received the text message from Uber.

Id. ¶ 100. Class B is defined as:

> All persons domiciled within the United States who, within the last four years, received a non-emergency text message on their cellular telephone from Uber, without their prior express consent, via an ATDS, after providing Uber with the telephone number at which they received the text message from Uber through Uber's website.

Id. ¶ 101.

On February 27, 2015, Uber filed a Motion to Dismiss the claims of all of the Class B Plaintiffs, contending primarily that each provided his or her cellular telephone number to Uber during the driver-application process and therefore provided prior express consent to receive the complained-of text messages. ECF No. 25. The Court determined that for four of the five named Class B Plaintiffs, the Court could not conclude from the face of the complaint that the plaintiffs consented to receive Uber's text by starting but not completing their driver applications, and denied the motion as to those plaintiffs. ECF No. 49.

The parties are presently in the midst of discovery. Plaintiffs have issued several sets of interrogatories, requests for production, and requests for admission—some of which remain outstanding. Three separate joint discovery letter briefs were submitted to Magistrate Judge Westmore. See ECF Nos. 159, 160, 161. The first joint letter concerned Uber's production of logs of text messages. ECF No. 159. The second letter brief concerned Plaintiffs' request for documents related to the appearance of and text on Uber's websites. ECF No. 160. The third letter brief concerned information about Uber's analytics database. Judge Westmore recently issued orders regarding the three letter briefs, see ECF Nos. 169 and 187, and Plaintiffs seek relief

1   from Judge Westmore's order at ECF No. 169, see ECF No. 185.  That motion was recently

2   deemed denied pursuant to Civil Local Rule 72-2.  ECF No. 199.

## II.     LEGAL STANDARD

Rule 56(d) of the Federal Rules of Civil Procedure provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion [for summary judgment] or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Generally, Rule 56(d) allows a court to deny or postpone a motion for summary judgment "if the nonmoving party has not had an opportunity to make full discovery."  Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).

To prevail on a Rule 56(d) motion, "the parties opposing a motion for summary judgment must make (a) a timely application [that] (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists."  Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir.2009) (citations and internal quotations omitted).  The courts take a generous approach to the granting of Rule 56(d) motions, and are instructed to grant them "fairly freely" where a summary judgment motion is filed "before a party has had any realistic opportunity to pursue discovery relating to its theory of the case."  Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003).

The nonmoving party also must indicate how the information sought could defeat summary judgment, but does not have to prove the discovery it seeks necessarily will do so.  "Summary judgment should not be granted while [an] opposing party timely seeks discovery of potentially favorable information."  Garret v. City & Cnty. of San Francisco, 818 F.2d 1515, 1519 (9th Cir. 1987) (citation omitted).  "Summary denial [of a Rule 56(d) motion] is especially inappropriate where . . . the material sought is also the subject of outstanding discovery requests."  Burlington, 323 F.3d at 775 (citations omitted).  "It is well within the Court's discretion to delay ruling on summary judgment if the party requesting delay has pursued discovery diligently, and

1   the period for discovery remains open." Kremen v. Cohen, No. 5:11-CV-05411-LHK, 2012 WL
2   2919332, at *5 (N.D. Cal. July 17, 2012).

### III. DISCUSSION

Plaintiffs have satisfied the criteria for granting a Rule 56(d) motion.

First, Plaintiffs have timely submitted, with their Rule 56(d) motion, a supporting declaration specifying the reasons why they cannot present facts they believe are essential to their opposition to Uber's motion for summary judgment. See ECF No. 172; ECF No. 172-1, Zavareei Decl. Discovery is underway, and multiple discovery requests remain outstanding. As Plaintiffs further point out, expert discovery has not yet commenced in this action.

Second, Plaintiffs' 56(d) motion and accompanying declaration and exhibits specify relevant information Plaintiffs seek in discovery – i.e., information Uber has in its possession that may establish material facts that could defeat summary judgment. For example, Plaintiffs seek documents regarding the appearance of and text on Uber's websites. See ECF No. 160. Uber contends in its motion for summary judgment that Plaintiffs provided express consent when Plaintiffs inputted their phone numbers into Uber's sign-up pages. See ECF No. 146 at 20–23. Plaintiffs argue, however, that they inputted their numbers at the beginning of the sign-up process but did not complete that process. Plaintiffs request consent-related discovery, such as disclaimers that appeared on Uber's website and any changes to the disclaimers, which would be relevant to whether Class B Plaintiffs provided prior express consent to Uber. See ECF No. 160 (discovery letter brief); ECF No. 187 at 5 (order on discovery letter brief).

Plaintiffs also seek information regarding the website screen flows from the time each Class B Plaintiff began their application processes. Plaintiffs point out that the records Uber has provided do not cover the entire class period or the dates and times Class B Plaintiffs began their applications. See ECF No. 172 at 14. Uber provides a depiction of that sign-up page as it appeared on October 4, 2014, and argues that the form "is substantially similar to the partner sign-up forms Plaintiffs would have seen when they signed up to drive with Uber." ECF No. 146 at 23. Kevin Roth, a senior engineer at Uber, explains that that the partner sign-up page on October 4, 2014, contained the same fields that appeared on the sign-up page between July and September

4

2014. ECF No. 148, Roth Decl. ¶ 9. Judge Westmore, in her order regarding Plaintiffs' request for this web portal discovery, found that Plaintiffs' request for this information was relevant to the issue of consent. ECF No. 187 at 5. She ordered the parties to meet and confer regarding alternatives to the discovery sought by Plaintiffs. Judge Westmore also permitted the parties to file a renewed joint letter explaining the parties' respective proposals on this matter should they not come to an agreement. Id. This discovery dispute and production have not yet resolved.

By way of a third example, Plaintiffs also note Roth sent an email with his source code analysis to in-house counsel regarding the versions of Uber's website each Class B plaintiff saw. The parties, however, dispute whether this information is privileged and whether Uber waived any claim of privilege by first revealing the existence of this document. See ECF No. 190 at 15.

The Court finds that Plaintiffs have identified specific, relevant information that pertain to issues central to Uber's motion for summary judgment.

Third, Plaintiffs have shown a basis for believing that the information they seek exists. For example, Uber has access to "legal copy,"[1] but objects to providing it to Plaintiffs because it would be burdensome. Kevin Roth has testified that he could determine the date legal copy actually appeared on certain websites for the first time, but that he was uncertain how long that process would take. Plaintiffs identify the specific email in which Roth provided his source code analysis and have requested this document.

Fourth, Plaintiffs have shown that the additional discovery they request could potentially lead to evidence that would defeat the summary judgment motion. Some of the outstanding discovery Plaintiffs seek from Uber relates to whether Plaintiffs provided express consent and whether Plaintiffs revoked that consent. As Judge Westmore recently noted, the discovery referenced in the parties' second discovery brief is relevant to establishing whether Plaintiffs knowingly released their numbers and provided prior express consent. ECF No. 176 at 5.

Fifth, Plaintiffs have diligently pursued discovery. Parties have vigorously disputed the

---

[1] Uber describes "legal copy" more fully as "the legal copy that was displayed to Plaintiffs on each of these websites and that would have confirmed that Uber might contact them at the phone numbers they provided." ECF No. 179 at 20.

scope of discovery requested by Plaintiffs, which has been the source of no less than five discovery letter briefs to date.

In light of these discovery efforts, and the number of outstanding discovery requests, the Court concludes that a hearing on Uber's summary judgment would be premature. Plaintiff's motion to defer consideration of that summary judgment motion is granted.

**CONCLUSION**

The Court grants Plaintiffs' motion to defer consideration of Uber's motion for summary judgment. The Court will terminate the motion for summary judgment, and Uber may re-notice the motion pending the completion of fact and expert discovery. The hearing scheduled for July 21, 2016 is vacated.

IT IS SO ORDERED.

Dated: July 7, 2016

_____
JON S. TIGAR
United States District Judge