# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAINTIFFS JAMES LATHROP, JONATHAN GRINDELL, SANDEEP PAL, JENNIFER REILLY, and JUSTIN BARTOLET on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.<br><br>    Defendant. | Civil Action No. 14-cv-05678-JST<br><br>**JOINT LETTER BRIEF NO. 5**<br><br>Honorable Judge Sallie Kim |

December 8, 2016

Plaintiffs James Lathrop, Jonathan Grindell, Sandeep Pal, Jennifer Reilly, and Justin Bartolet ("Plaintiffs") and Defendant Uber Technologies, Inc.'s ("Uber") submit this joint letter brief regarding a discovery dispute between the parties over a proposed Rule 30(b)(6) deposition of Defendant Uber. The parties have engaged in several meet-and-confer sessions, including both telephonically and in writing. The parties have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery prior to the filing of this joint letter brief.

Respectfully submitted,

| | |
|---|---|
| /s/ Hassan Zavareei | /s/ Austin Schwing |
| Hassan A. Zavareei | Austin Schwing |
| Counsel for Plaintiffs | Counsel for Defendant |

1          **DISCOVERY DISPUTE AND FACTUAL BACKGROUND**

2          Plaintiffs bring claims against Uber on behalf of themselves and two putative nationwide

3   classes alleging that they received texts from Uber without having expressly consented to receive

4   them, in violation of the Telephone Consumer Protection Act ("TCPA"). Third Am. Compl.

5   ("TAC"), Dkt. No. 196. Further, Plaintiffs Grindell, Pal, Reilly, and Bartolet allege that they

6   subsequently asked Uber to stop text messaging them yet continued to receive text messages from

7   Uber, in violation of the TCPA. *Id.* ¶¶ 49, 58, 71, 81. Uber denies Plaintiffs' claims and denies

8   the case is appropriate for class treatment.

9          The dispute concerns Plaintiffs' request to take an additional Rule 30(b) deposition of

10  Uber, to which Uber has objected. Plaintiffs' expert disclosures are due on January 19, 2017

11  (Doc. 228), and Plaintiffs seek to take the deposition in time to include information learned

12  therein in any expert reports. The parties have met and conferred at length on whether Plaintiffs

13  can take another Rule 30(b)(6) deposition over the past several months. Plaintiffs provided Uber

14  with a list of proposed deposition topics on November 17, 2016, and the parties had a final

15  telephonic meet-and-confer session on December 1, 2016. Plaintiffs served a Rule 30(b)(6)

16  deposition notice later that day containing a revised list of topics (attached hereto as Exhibit A).

17  Uber served objections to the Rule 30(b)(6) notice on December 7, 2016 (attached hereto as

18  Exhibit B).

19  **A.      Plaintiffs' Position: Another 30(b)(6) Deposition Is Appropriate In This Complex Case**

20         This putative TCPA class action revolves around complex common questions, including

21  whether Uber sent text messages with the express consent of Plaintiffs and putative class

22  members, whether Uber kept sending messages after certain Plaintiffs and class members revoked

23  consent, and whether Uber used an automated telephone dialing system ("ATDS"). Judge Tigar

24  has already held that "[g]iven the complexity and scope of this putative class action, Plaintiffs are

25  entitled to more than one Fed. R. Civ. P. 30(b)(6) deposition of Uber in this case." (Doc. 116 at

26  2). To date, Plaintiffs have conducted only one 7-hour Rule 30(b)(6) deposition of Uber on merits

27  issues.[1] Not only was Uber's witness unprepared to testify as to several key issues, Uber has

28
_____
[1] Another Rule 30(b)(6) deposition relating to discovery issues was conducted over Uber's objections.

JOINT LETTER BRIEF REGARDING PROPOSED RULE 30(B)(6) DEPOSITION OF DEFENDANT

1    produced thousands of pages of documents—largely under Court order—since the deposition.

2    Thus, Plaintiffs seek an additional merits deposition of Uber.

3            The Court has already recognized the need for this limited, but crucial, additional

4    discovery. Specifically, Judge Tigar granted Plaintiffs' Rule 56(d) motion in full, thereby

5    rejecting Uber's premature summary judgment motion and holding that key discovery was

6    incomplete. (Doc. 201). That motion was premised, in part, on the gaps in the testimony of Uber's

7    sole 30(b)(6) witness, Michael Kadin, who lacked key knowledge related to Uber's Refer-a-

8    Friend program and its procedures for opting out of its text message programs. (Doc. 172 at 28,

9    29); *see also* Ex. D, Kadin Tr. Vol 2, at 508-509, 542, 545, 549-550, 559.[2] The motion was also

10   based on the fact that Kadin revealed new information that was responsive to Plaintiffs' discovery

11   requests but had not been disclosed by Uber. (*Id.* at 15-16); *see also* Ex. C, Kadin Tr. Vol 1., at

12   234-235; Ex. D at 567-568. Uber moved for early summary judgment while the parties were still

13   meeting and conferring on these issues.

14           Contrary to Uber's arguments, Plaintiffs did not take a "wait and see" approach to

15   deposing Uber or make the wrong strategic call in deposing the company too early. Rather,

16   Plaintiffs deposed Uber when they did because Uber insisted, over Plaintiffs' objections, on filing

17   a summary judgment motion in the midst of discovery with several discovery disputes brewing.

18   Plaintiffs had to be as prepared as possible to oppose Uber's summary judgment effort had their

19   Rule 56(d) motion failed. Plaintiffs prevailed and significant post-deposition discovery ensued.

20   For instance, after Uber moved for summary judgment, Judge Westmore ordered Uber to produce

21   sample text message logs (Doc. 169) and ordered that, due to their relevance to the express

22   consent issue, Plaintiffs were entitled to additional discovery about Uber's consumer-facing user

23   interfaces. (Doc. 187).  Moreover, the parties briefed another discovery dispute regarding

24

25   [2] Plaintiffs raised the issue of Kadin's unpreparedness on the record and stated Plaintiffs' position that the
     deposition remained open. Ex. D at 602.  Plaintiffs have not sat on their hands on this issue. Plaintiffs
26   raised the issue of Kadin's unpreparedness on the record and stated Plaintiffs' position that the deposition
     remained open. Ex. D at 602. Plaintiffs memorialized this issue in a letter to Uber on April 12, 2016 (less
27   than two weeks after the deposition), reiterated it in writing on June 1st and the parties *agreed* no later
     than August 5th to revisit this issue after the completion of document discovery ("Plaintiffs have agreed
28   for the time being to hold off on bringing the 30(b)(6) deposition . . . to the Court, pending the completion
     of document discovery.").

JOINT LETTER BRIEF REGARDING PROPOSED RULE 30(B)(6) DEPOSITION OF DEFENDANT

1   production of the Uber database used to track phone numbers that have opted-out of receiving

2   text messages (Doc. 204), and Judge Westmore ordered Uber to produce responsive information.

3   (Doc. 222). All told, since the first Rule 30(b)(6) merits deposition, Uber produced over 2,700

4   new pages of documents. Now, with this new discovery in hand, it is appropriate for Plaintiffs to

5   complete the discovery expressly delineated in their successful Rule 56(d) motion.

6           Uber contends that, despite the complexity of this putative class action and despite the fact

7   that it has recently produced thousands of pages of new documents, Plaintiffs are only entitled to

8   one Rule 30(b)(6) deposition on merits issues. Yet, the case from this District that Uber cites

9   rejected a "good cause requirement" and recognizes that the receipt of new evidence since the

10  first deposition is grounds for an additional corporate party deposition. *Blackwell v. City & Cty. of*

11  *San Francisco*, No. C-07-4629 SBA (EMC), 2010 WL 2608330, at *2 (N.D. Cal. June 25,

12  2010).[3] Indeed, "Rule 30(b)(6) depositions are different from depositions of individuals," and

13  "there is no aspect of the Rules which either restricts a party to a single Rule 30(b)(6) deposition

14  or restricts the allotted time for taking a 30(b)(6) deposition." *Quality Aero Tech., Inc. v.*

15  *Telemetrie Elektronik GmbH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002); *see also* 8A Fed. Prac. &

16  Proc. Civ. § 2103 (3d. ed.) ("various topics are suitable for inquiry at different times").

17          All eight of the topics and associated subtopics of the 30(b)(6) notice relate at least partly

18  to newly produced documents. Courts routinely order additional Rule 30(b)(6) testimony when

19  previously unearthed documents become available after a prior deposition. *E.g.*, *3Com Corp. v.*

20  *D-Link Sys., Inc.*, No. C 03-2177 WRW, 2007 WL 949596, at *3-4 (N.D. Cal. Mar. 27, 2007)

21  (ordering additional depositions where, as of earlier Rule 30(b)(6) depositions, defendant "had

22  not yet produced all" documents).[4] With respect to Topic 1, all of its subparts—which deal with

23  _____

24  [3] Uber's other cases are inapposite. Unlike here, the defendants in *State Farm* sought a *third* Rule 30(b)(6)
    deposition on merits issues after they purposefully declined to examine the plaintiff's corporate designee
    on all of the legal claims at issue. *State Farm Mut. Auto. Ins. Co. v. New Horizon, Inc.*, 254 F.R.D. 227,

25  235 (E.D. Pa. 2008). Uber's other case recognizes that additional depositions are permissible, but held that
    the plaintiff in the personal injury case could impeach the witness at trial and did not need another

26  deposition to do so. *Melhorn v. N.J. Transit Rail Operations, Inc.*, 203 F.R.D. 176, 180 (E.D. Pa. 2001).
    That holding has no application to this complex class action, where the critical issues will be decided on

27  summary judgment and class certification briefing.
    [4]*See also Le v. Diligence, Inc.*, 312 F.R.D. 245, 246 (D. Mass. 2015) ("Although the decision is

28  discretionary, courts have generally allowed re-opening a deposition where, as here, new information is
    unearthed only after the initial deposition."); *Porto Venezia Condo. Ass'n, Inc. v. WB Fort Lauderdale*,

1   the Refer-a-Friend program—involve issues related to new documents. And similarly, with

2   respect to Topic 2, all of its sub-parts—which relate to policies and procedures for opting out of

3   receiving texts—involve issues connected to new documents. Topics 3 and 4 relate solely to the

4   text message logs and user interfaces—*discovery ordered by Judge Westmore* after the merits

5   deposition of Uber. (Docs. 169, 187). Topics 5, 6, and 7 relate to additional discovery produced

6   subsequent to the merits deposition, and Topic 8 is listed in the event Uber produces additional

7   discovery prior to the proposed deposition.

8        Topics 1 and 2 also both relate to matters—Uber's Refer-a-Friend program and opt-out

9   procedures—that Kadin was previously unprepared to testify about. Ex. D at 508-509, 542, 545,

10  549-550, 559. "Unlike all other depositions, there is an implicit obligation to prepare the

11  [30(b)(6)] witness." 8A Fed. Prac. & Proc. Civ. § 2103. Courts routinely identify unpreparedness

12  as a basis for ordering Rule 30(b)(6) testimony of an adequately prepared witness.[5] Uber claims

13  that Plaintiffs obtained 16 pages of testimony on its opt-out procedures, but ignores that Kadin

14  could not answer numerous questions on that same subject matter and that it has since produced

15  numerous new opt-out documents that Plaintiffs have not had an opportunity to ask about.

16       With respect to both the opt-out and Refer-a-Friend issues, Plaintiffs also had insufficient

17  time to fully examine Uber. Courts examining this issue have held that in complex case parties

18  are entitled to more than one 30(b)(6) deposition even if there is some overlap of topics.[6] Indeed,

19  the proportionality factors clarified by the 2015 amendments to Rule 26 all support the requested

20  *LLC*, No. 11-60665-CIV, 2012 WL 2339703, at *4 (S.D. Fla. June 14, 2012) ("Whether or not the [] new
21  documents should have been produced in response to the first deposition notice, it appears that they
    contain new information. . . . Under the circumstances, the Court will allow the second deposition of WB's
22  corporate representative to inquire about new information . . ."); *Quality Aero Tech., Inc.*, 212 F.R.D. at
    319 ("Plaintiff's proffered rationale for the second notice, newly-discovered information, would be
23  sufficient for a finding of good cause under Rule 30" to order additional deposition).
    [5] *E.g.*, *Avago Techs., Inc. v. IPtronics Inc.*, No. 5:10-cv-02863-EJD, 2015 WL 2395941, at *5-6 & n.59
24  (N.D. Cal. May 19, 2015); *3M Co. v. Kanbar*, No. C06-01225 JW (HRL), 2007 WL 2972921, at *1-2
    (N.D. Cal. Oct. 10, 2007); *3Com Corp.*, 2007 WL 949596 at *5-6.
25  [6] *See, e.g.*, *Rindfleisch v. Gentiva Health Servs., Inc.*, No. 1:10-CV-3288-SCJ, 2012 WL 12875509 (N.D.
    Ga. Sept. 25, 2012) ("The Court cannot accept [defendant's] argument that the broad scope of the topics
26  covered during the first deposition render the more narrow and targeted topics presented in the second
    deposition notice repetitive or, more to the point, previously addressed. Even if the topics at the first
27  deposition relate to the topics of second deposition in a general sense, the second deposition topics are
    clearly more nuanced."); *Purdue Pharma L.P. v. Ranbaxy Inc.*, No. 3:12-MC-1 CAR, 2012 WL 1414308,
28  at *2-3 (M.D. Ga. Apr. 20, 2012) (holding that another Rule 30(b)(6) deposition was appropriate in a
    complex case where defendant "has already prepared [30(b)(6) witness] once on largely the same topics").

4

1   discovery in this complex case.[7] Notably, Uber fails to make any showing of its claimed burden.

2   *Purdue*, 2012 WL 1414308, at \*2-3 ("Without a more particularized showing of undue burden,

3   the Court cannot find that preparing and producing Dr. James [again] poses an undue burden.")

4   The alleged handful of minutes left on the clock at the end of prior deposition is meaningless in

5   light of Kadin's lack of personal knowledge of key facts and unpreparedness.

6          In addition to ordering that the requested deposition take place, Plaintiffs respectfully

7   request that the Court overrule Uber's objections to Plaintiffs' deposition notice.

8   **B.      Defendant Uber's Position: Plaintiffs Should Not Get Yet Another 30(b)(6) Deposition**

9          Plaintiffs have already taken two full-day Rule 30(b)(6) depositions in this case (each with

10  its own, separate list of topics), even though parties typically only get one.  *See, e.g.*, *State Farm*

11  *Mut. Auto. Ins. Co. v. New Horizon, Inc.*, 254 F.R.D. 227, 235 (E.D. Pa. 2008) (finding that the

12  "policy against permitting a second deposition of an already-deposed deponent is equally

13  applicable to depositions of individuals and organizations," and denying request to take a third

14  30(b)(6) deposition).  Plaintiffs now seek a ***third*** bite at the apple.  In an effort to compromise,

15  Uber informed Plaintiffs that, although an additional 30(b)(6) deposition would be inappropriate,

16  it would compromise to allow Plaintiffs to take an additional deposition limited to the questions

17  that Uber's 30(b)(6) deponent, Michael Kadin, was unable to answer, if Plaintiffs could identify

18  any such questions.  But Plaintiffs refused this reasonable offer, demanding instead that they be

19  allowed free range to ***cover a newly noticed broad list of 25 topics and subtopics***.  Uber should

20  not be required to expend considerable time, money, and resources to prepare for yet another

21  30(b)(6) deposition regarding topics about which Plaintiffs have already asked questions, topics

22  that could have been covered in the earlier depositions, or topics that Plaintiffs failed to

23  previously notice because of their strategic decision to take their 30(b)(6) depositions before

24  taking any fact depositions or propounding all of their discovery requests, and well before Uber's

25  ─────────────────

26  [7] *Lifevantage Corp. v. Domingo*, No. 213CV01037JNPPMW, 2016 WL 913147, at \*2 (D. Utah Mar. 9, 2016) ("While Defendants' request is very broad and might be unduly burdensome in many cases, the court find that the request is sufficiently proportional to the issues given the large amount of damages

27  asserted by Plaintiff and the nuanced analysis that must be performed to defend against Plaintiff's claims."); *Purdue*, 2012 WL 1414308, at \*2-3 (holding that second 30(b)(6) deposition was appropriate

28  where "the underlying litigation is complex" and deposing a witness twice may "present an inconvenience but does not demonstrate any undue burden").

1    document production was complete.  For these reasons and those set forth in Uber's attached

2    objections to the 30(b)(6) notice, Plaintiffs should not be permitted leave to take a third 30(b)(6)

3    deposition.

4         Rule 30(a)(2) provides that, absent leave of court, a party can be deposed only once, a

5    limitation that applies equally to 30(b)(6) depositions.  *See, e.g.*, *Blackwell v. City & Cty. of San*

6    *Francisco*, No. C-07-4629 SBA (EMC), 2010 WL 2608330, at *1 (N.D. Cal. June 25, 2010).

7    The moving party bears the burden to demonstrate a justification under Rules 26 and 30 for

8    taking additional 30(b)(6) depositions in a case.  *Blackwell*, 2010 WL 2608330, at *1; *see also*

9    *Melhorn v. N.J. Transit Rail Operations, Inc.*, 203 F.R.D. 176, 180 (E.D. Pa. 2001) ("Absent

10   some showing of need or good reason for doing so, a deponent should not be required to appear

11   for a second deposition.").  Here, Plaintiffs have failed to meet this burden.[8]

12        *First*, Plaintiffs have had "ample opportunity to obtain the information by discovery in

13   [this] action," specifically in Plaintiffs' two prior 30(b)(6) depositions.  Fed. R. Civ. P.

14   26(b)(2)(C)(ii).  Plaintiffs have taken two days of 30(b)(6) depositions encompassing 585 pages

15   of testimony:  On January 25, 2016, Plaintiffs took one full-day 30(b)(6) deposition related to

16   both discovery and substantive issues, and on April 1, 2016—just over two months later and

17   without waiting for additional document discovery that they knew was yet to come—Plaintiffs

18   took a second 30(b)(6) deposition regarding substantive issues.  Notably, Plaintiffs completed the

19   second deposition with twenty minutes of allotted time left, which undercuts any suggestion that

20   they need another 30(b)(6) deposition because they ran out of time.  Plaintiffs now contend that

21   Uber's witness was unprepared to testify at his second deposition, but it is telling that even

22   though Uber requested back in April 2016 that Plaintiffs raise the issue with the Court if it was a

23   true concern, *see, e.g.*, Dkt. No. 141, at 3, Plaintiffs did not raise that issue with the Magistrate

24   Judge at that time.  In any event, Uber's proposed compromise would resolve this issue because

25   Plaintiffs could re-ask questions Mr. Kadin could not answer (if any).

26

27

28   [8] Plaintiffs imply that Judge Tigar sanctioned a further 30(b)(6) deposition when he granted the Rule 56(d) motion.  However, while Judge Tigar listed several discovery issues relevant to his order, a 30(b)(6) deposition was not one of them.  *See* Dkt. No. 201 at 4-5.

JOINT LETTER BRIEF REGARDING PROPOSED RULE 30(B)(6) DEPOSITION OF DEFENDANT

1        In addition, while Plaintiffs argue that they should they be permitted to take new 30(b)(6)

2   depositions simply because additional documents have been produced since the previous

3   depositions, Plaintiffs knew full well that they were taking 30(b)(6) depositions before document

4   discovery was complete,[9] and that Uber would object to additional 30(b)(6) depositions.  Indeed,

5   on August 9, 2015, Uber's counsel cautioned Plaintiffs if they took a 30(b)(6) deposition before

6   document production was complete, Uber would not re-produce a 30(b)(6) witness if additional

7   issues arose from the production.  *See* Ex. B at 4-5.  Plaintiffs cannot now claim that they are

8   entitled to another 30(b)(6) deposition given their strategic decision to take their depositions

9   early.[10]  Nor should Plaintiffs be able to re-cover topics that they already asked about in previous

10  30(b)(6) depositions.  *See, e.g.*, Ex. B at 6-17 (objections to topics that were already covered); *see*

11  *also* Ex. C, Jan. 25, 2016 Michael Kadin Dep. Tr.; Ex. D, Apr. 1, 2016 Michael Kadin Dep. Tr.;

12  Ex. E, Nov. 11, 2016 Sergei Bezborodko Dep. Tr.  For instance, Topic No. 2 relates to Uber's

13  programs, policies, and/or procedures regarding requests to opt-out of receiving text messages.

14  But Uber's 30(b)(6) witness already provided ***16 pages*** of deposition testimony about Uber's opt-

15  out protocol.  *See* Ex. C at 500-16.  The Federal Rules do not support giving Plaintiffs a "do-

16  over" on their prior depositions.  Plaintiffs cite a few cases that they claim support the proposition

17  that Uber's production of new documents entitles them to another Rule 30(b)(6) deposition, but

18  none of these cases discuss a situation where, as here, the moving party had already taken *two*

19  30(b)(6) depositions, and sought to depose a *third* 30(b)(6) witness on topics that had already

20  been covered in prior depositions.  Furthermore, Plaintiffs' proposed rule would allow a party to

21

22  _____

23  [9] For instance, less than three weeks before Plaintiffs took the second 30(b)(6) deposition, Magistrate
    Judge Kandis Westmore had ordered the parties to refile joint letter briefs regarding several outstanding
    discovery disputes, *see* Dkt. No. 139, which the parties subsequently did after the second Rule 30(b)(6)
24  deposition, *see* Dkt. Nos. 159, 160, 161.

    [10] Plaintiffs' position that they had to take the second 30(b)(6) deposition to oppose Uber's motion for
25  summary judgment is unfounded, because Plaintiffs first noticed a 30(b)(6) deposition on June 15, 2015,
    almost a year before the motion for summary judgment was filed.  Plaintiffs then took 30(b)(6) depositions
26  on January 25, 2016 and April 1, 2016, both of which took place before Uber's motion for summary
    judgment was filed.  *See* Dkt. No. 146.  Further, the primary bases for the motion for summary judgment
27  were that Plaintiffs testified that they provided Uber with their phone numbers and therefore consented to
    receive texts and that, with respect to the referral texts, those were sent by Uber partner drivers, not Uber,
28  under the FCC's guidelines, i.e., narrow legal arguments that did not necessitate a Rule 30(b)(6)
    deposition.

1    notice a new 30(b)(6) deposition every time it serves new requests for production of documents, a

2    proposition that none of Plaintiffs' authority supports.

3           Further, to the extent that Plaintiffs have proposed new 30(b)(6) deposition topics, that is

4    similarly improper.  "[T]he Federal Rules do not contemplate the 'wait-and-see' approach" to

5    depositions that Plaintiffs advance here.  *State Farm*, 254 F.R.D. at 235.  This is because "[s]uch

6    an idiosyncratic approach would permit [Plaintiffs], without having demonstrated any good cause

7    for doing so, to avoid drafting a comprehensive notice of deposition and instead conduct

8    depositions seriatim, thereby shifting costs to the opposing side [Uber], which would be forced to

9    expend resources preparing for several Rule 30(b)(6) depositions, instead of one."  *Id.* at 235-36.

10   Plaintiffs now claim that they need these broad 30(b)(6) topics to explore each issue implicated in

11   this case, but Plaintiffs cite no authority that supports the argument that a party which has already

12   taken *two* 30(b)(6) depositions should have yet another opportunity to explore additional topics.[11]

13   Moreover, to the extent that Plaintiffs wish to ask about additional topics, they do not need

14   another 30(b)(6) deposition since they are free to depose additional percipient witnesses.

15          ***Second***, Plaintiffs' 25 topics and subtopics are deficient for a litany of other reasons,

16   including because they are overbroad, fail to describe the matter for examination with reasonable

17   particularity, or seek testimony that is unreasonably duplicative because they cover topics about

18   which an Uber witness has already testified.  Due to the number of topics, Uber refers the Court

19   to Uber's objections to the deposition notice.  *See* Ex. B.  For the foregoing reasons, Uber

20   respectfully requests that the Court deny Plaintiffs' request to take a third 30(b)(6) deposition.

21

22   ───────────────

23   [11] The cases that Plaintiffs cite in support of this argument are inapposite.  In *Rindfleisch v. Gentiva Health Servs., Inc.*, the court allowed a party a second (not a third) 30(b)(6) deposition based on "more narrow and targeted topics."  No. 1:10-CV-3288-SCJ, 2012 WL 12875509, at *3 (N.D. Ga. Sept. 25, 2012).  Here, Plaintiffs' topics are sweeping and overbroad.  Furthermore, in *Purdue Pharma L.P. v. Ranbaxy, Inc.*, the issue was whether the defendant should have the opportunity to take a 30(b)(6) deposition of a third-party where the plaintiff had already taken such a deposition.  No. 3:12-MC-1 CAR, 2012 WL 1414308, at *1 (M.D. Ga. Apr. 20, 2012).  This is obviously not the case here.  Finally, Plaintiffs cite *Lifevantage Corp. v. Domingo* in support of their argument that Rule 26's proportionality factors support their argument.  But *Lifevantage* is a case about *requests for production of documents*, not depositions, and its holding is based on the fact that the discovery at issue were financial documents, which the court noted are generally discoverable "when they relate significantly to matters at issue . . . to the claims and defenses in this case."  No. 2:13-CV-01037-JNP-PMW, 2016 WL 913147, at *2 (D. Utah Mar. 9, 2016).  None of this is the case here.

1

2   Respectfully submitted,

3   /s/ Hassan Zavareei                              /s/ Austin Schwing
    Hassan A. Zavareei                               Austin Schwing
4   Counsel for Plaintiffs                           Counsel for Defendant

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9